## DORSEY et al. v. MARTIN.

### No. 3797.

District Court, E. D. Pennsylvania.

Jan. 18, 1945.

Edwin A. J. Blank, of Philadelphia, Pa., for plaintiffs.

Joseph Blank, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This suit was brought to recover damages, counsel fees and costs under Section 205(e) of the Emergency Price Control Act of 1942, 56 Stat. 33, 50 U.S.C.A. Appendix 925(e).

Defendant has moved to dismiss on the ground that the complaint fails to state a cause of action because defendant leased the property as "agent" and because the damages, described by defendant as the "cumulative penalty," sought in the complaint are not in accord with Section 205(e) of the Emergency Price Control Act.

Plaintiffs have alleged that they rented the premises of 644-46 North 40th Street, Philadelphia, Pennsylvania, at a monthly rental of $60, whereas on March 1, 1942, the rental for the same premises was $50, and that they paid $60 per month for ten months, from July, 1943, to April, 1944, inclusive. It is further alleged that the defendant demanded and received each month's rent.

I am of the opinion that the motion must be denied.

■ Examination of a copy of the lease executed by the parties, which was attached to the complaint, reveals that in the opening paragraph the defendant Martin disclosed himself as an agent. However, it does not appear from the lease, nor is it asserted by defendant, that plaintiffs were told who the principal was. The lease was signed by the defendant. The situation, then is characterized as that of a "partially disclosed principal." See Restatement Agency, Vol. 2, Sect. 321, comment (a). Martin was a party to the contract and is subject to separate liability and may be sued individually. Restatement, Agency, Vol. 2, Sect. 321 and comment (b). The Pennsylvania cases are in accord: Seyfert v. Bean, 1877, 83 Pa. 450; Hayes v. D. P. S. Nichols Co., 1916, 64 Pa.Super. 273, 276; Reading Co. v. Sobelman, 1944, 144 Pa.Super. 270, 19 A.2d 754. In Pennsylvania Railroad v. Rothstein & Sons, 1933, 109 Pa.Super. 96, at page 105, 165 A. 752, at page 755, the Court put the rule concisely:

"Even had the reconsignment order been coupled with notice of agency this would have been ineffective to prevent judgment. It is an elemental principle of agency that to relieve himself from liability, *an agent in dealing with a third party must not only disclose the fact of the agency, but also the name of his principal.* Horan v. Hughes, D.C., 129 F. 248, affirmed, 2 Cir., 129 F. 1005; Sloan Corp. v. Linton, 260 Pa. 569, 572, 103 A. 1011, 6 A.L.R. 633; 2 C.J. 816, 817." (Emphasis supplied.)

■ Defendant asserts that Section 205 (e) is penalizing in nature, and therefore, as an agent, he ought not to be charged. On this issue I am in agreement with the opinion of this Court in Everly v. Zepp, 57 F.Supp. 303, where it was decided that the recovery allowed by the Act is in the nature of damages and is remedial as distinguished from penal. See also Huntington v. Attrill, 1882, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123.

■ In any event, under the Act and the Regulations, it would appear that such an agent cannot escape liability. Section 205 (e) of the Act makes "any person" who violates the Act liable, and Section 13(a) (8) of Rent Regulation for Housing, 14 O.P.A. Service, page 200:351, defines "Landlord" as including "An owner, lessor, sublessor, assignee or other person receiving or *entitled to receive rent* for the use or occupancy of any housing accommodations or *an agent of any of the foregoing.*" (Emphasis supplied.) In Section 13(a) (5) of the same Regulation "Person" is defined to include "an individual, corporation, partnership, association, or any other organized group of persons, or legal successor or representative of any of the foregoing, and includes the United States or any agency thereof, or any other government, or any of its political subdivisions, or any agency of the foregoing."

Unquestionably it was intended that the agent who violated the Act should be liable. As a practical matter, the agent may be even more guilty than the owner. The business of renting is often placed in the hands of the agent, and the owner may not even know of the violation. The agent can hardly plead ignorance because he is in a position to learn the truth merely by getting in touch with the local Office of Price Administration.

■ As to defendant's second ground for dismissal, the mere fact that cumulative damages are sought is not a ground for dismissal for want of a cause of action, nor is it a ground that the damages as calculated by the plaintiffs are not in accordance with the meaning of the statute. The limitation with respect to the jurisdictional amount is not applicable here, and the damages, if any, may be properly assessed upon determination of the merits of the claim.

For the reasons stated the motion to dismiss is denied.