SAMUEL KURLAND, Appellant-Respondent, *v.* BESSIE BUKSPAN, Respondent-Appellant, and MORRIS A. LANG, Respondent.

Supreme Court, Appellate Term, Second Department, April 16, 1945.

*Samuel D. Reidel* for plaintiff-appellant and respondent.

*Hyman Bregman* for defendant-respondent and appellant.

*Henry J. Harkavy* for respondent.

MEMORANDUM *Per Curiam.* The complaint against defendant Lang was improperly dismissed. Acting either on his own behalf or on behalf of defendant Bukspan, defendant Lang exacted from plaintiff, charges for use of the leased premises in excess of the applicable maximum rent fixed by the Office of Price Administration. Regardless of whether defendant Lang was acting in the transaction as principal or agent, he is liable for the damages provided by the statute (Emergency Price Control Act of 1942; U. S. Code, tit. 50, Appendix, § 901 *et seq.*), the prohibitions of which are directed against " any person " selling commodities in violation of a regulation (Act, § 205, subd. [e]; U. S. Code, tit. 50, Appendix, § 925, subd. [e]). Subdivision (h) of section 302 (U. S. Code, tit. 50, Appendix, § 942, subd. [h]) defines " person " as " an individual " or his " representative " and paragraph (8) of subdivision (a) of section 13 of the Rent Regulation for Housing (8 Fed. Reg. 13919) defines "Landlord" as the "owner" or his "agent." It seems entirely clear that the statute was intended to impose liability upon the principal and agent both.

For the right to continue in occupation of the leased premises for the month of November, 1943, plaintiff was required to pay $57 in excess of the applicable maximum rent fixed by the Office of Price Administration. This sum embraces the following items: $7 by way of increased monthly rent, $25 by way of reimbursement for costs and disbursements said to have been incurred in summary proceedings instituted against plaintiff, and $25 as the reasonable value of painting work plaintiff was required to perform. All of these charges were demanded and received as part of the price plaintiff was required to pay for possession of the leased premises, and since they exceeded the maximum rent, defendants are liable under the statute for treble damages in the sum of $171, plus reasonable

attorney's fees of $150 as fixed by the trial court, or a total of $321. Defendants are not liable for cumulative damages. (*Gordon* v. *Hochberg,* 182 Misc. 117.)

The judgment dismissing the complaint against defendant Lang, should be unanimously reversed upon the law, with $30 costs to plaintiff, and judgment directed for the plaintiff against the said defendant for the sum of $321, with appropriate costs in the court below. The judgment against defendant Bukspan should be unanimously modified upon the law, by reducing the amount of the recovery against said defendant to $321, together with appropriate costs in the court below, and as so modified, affirmed, without costs of this appeal to either party.

MacCrate, Smith and Steinbrink, JJ., concur.

Judgment accordingly.