**BOWLES v. SHONTZ et al.**

No. 4407.

District Court, E. D. Pennsylvania.

May 10, 1945.

Leonard J. Bernstein, Robert J. Callaghan and Cyril F. Pessolano, all of Philadelphia, Pa., for plaintiff.

Bert Shontz, in pro. per.

BARD, District Judge.

This is an action for an injunction brought by Chester Bowles, Price Administrator, Office of Price Administration, to restrain violation of Section 4(a) of the Emergency Price Control Act of 1942 as amended, 56 Stat. 23, 765, 57 Stat. 566, 50 U.S.C.A.Appendix, § 904(a), and of Maximum Rent Regulation No. 28, redesignated Rent Regulation for Housing (8 F.R. 7322) issued under the Act.

Jurisdiction of this action is conferred upon this Court by Section 205(c) of the Act, 56 Stat. 33, 50 U.S.C.A.Appendix, § 925(c).

I make the following special findings of fact:

1. At all times since December 1942, Page and Shontz Bus Line has been the owner of premises, 1227 Juniper Street, Quakertown, Pennsylvania, within the Philadelphia Defense-Rental Area; and has rented and now rents an apartment located on the second floor of the subject premises to certain tenants.

2. At all times since December 1942 defendant Lucie Shontz has been and now is a partner of Page and Shontz Bus Line.

3. At all times since December 1942, defendant Bert Shontz has been and now is the authorized agent of John Page and Lucie Shontz, copartners, trading as Page and Shontz Bus Line and, in pursuance of authority granted by his principal, has demanded and received rents from the tenant of the subject premises on various occasions.

4. Pursuant to the provisions of Section 2(a) of the Emergency Price Control Act of 1942, as amended, 56 Stat. 23, 765, 57 Stat. 566, 50 U.S.C.A.Appendix, § 902(a), the Price Administrator issued Maximum Rent Regulation No. 28, effective July 1, 1942, redesignated Rent Regulation for Housing, effective June 1, 1943 (8 F.R. 7322), which Regulation as amended has been at all times since the date of its issuance in full force and effect. This Regulation, inter alia, establishes maximum rents for housing accommodations within the Philadelphia Defense-Rental Area and requires every landlord

to file a registration statement with the Philadelphia Area Rent Office.

5. Section 13(8) of this Regulation defines a "landlord" as an owner, lessor, sublessor, assignee or other person receiving or entitled to receive rent for the use or occupancy of any housing accommodations, or any agent of any of the foregoing.

6. Defendants Lucie and Bert Shontz have failed to register the second floor apartment of premises, 1227 Juniper Street, Quakertown, Pennsylvania, as required by the aforesaid Regulation, and have persistently refused to comply although solicited to do so on various occasions by representatives of the Philadelphia Area Rent Office.

### Conclusions of Law

1. This Court has jurisdiction of this action brought by the Price Administrator of the Office of Price Administration, pursuant to Section 205(a) of the Emergency Price Control Act of 1942, as amended, to enjoin acts and practices of the defendants constituting violations of Section 4(a) of the Act and of Maximum Rent Regulation No. 28, effective July 1, 1942, redesignated Rent Regulation for Housing, effective June 1, 1943 (8 F.R. 7322).

2. This Court has jurisdiction over the defendants.

3. Both defendants are "landlords" as defined by Section 13(8) of the Rent Regulation for Housing.

4. Since December 1942, to date, defendants have engaged in acts and practices which constituted, and do constitute, a violation of Section 4(a) of the Emergency Price Control Act of 1942, as amended, by failing to register the apartment located on the second floor of premises, 1227 Juniper Street, Quakertown, Pennsylvania, with the Philadelphia Defense-Rental Area Office.

5. An injunction should issue enjoining the defendants and each of them, their attorneys, agents, servants, and employees, and all persons in active concert or participation with them or any of them, jointly and severally from:

(a) Directly or indirectly demanding or receiving any rent unless and until defendants shall file a true and correct registration statement at the Philadelphia Area Rent Office on the form provided therefor, specifying the rent actually received for the apartment located on the second floor of premises, 1227 Juniper Street, Quakertown, Pennsylvania, and as otherwise required in the Rent Regulation for Housing as heretofore or hereafter amended.

(b) Directly or indirectly, ignoring, evading or circumventing any of the requirements relating to the rental of housing accommodations, established by the Rent Regulation for Housing as heretofore or hereafter amended, pursuant to the Emergency Price Control Act of 1942 as amended. And directing the defendants:

(c) To file a true and correct registration statement at the Philadelphia Area Rent Office on the form provided therefor, specifying the rent actually received for the apartment located on the second floor of premises, 1227 Juniper Street, Quakertown, Pennsylvania, and as otherwise required in the Rent Regulation for Housing as amended.