## BURNS v. HECKLE.

### No. 9551.

Court of Civil Appeals of Texas. Austin.
April 10, 1946.

White & Yarborough and Donald V. Yarborough, all of Dallas, for appellant.

White & Forsythe and Earl A Forsythe, all of Dallas, for appellee.

McCLENDON, Chief Justice.

Captain Robert F. Burns sued Mrs. Audrey H. Andrews, as owner and landlady, and Mrs. Bess Heckle, as her alleged agent, for overcharge in rentals of an apartment in Dallas, in violation of OPA regulation promulgated under the Federal Emergency Price Control Act of 1942 (Act Jan. 30, 1942, C. 26, 56 Stat. 23, 50 U.S.C.A.Appendix §§ 901–946). Mrs. Andrews was a resident of California, and plaintiff voluntarily dismissed the suit as to her. In a trial to the court the judgment was in favor of Mrs. Heckle, and Captain Burns has appealed.

The principal questions presented here may be stated substantially as follows:

1. Whether the act imposes liability upon the agent of the owner or landlord; and if not,

2. Whether Sec. 13, sub. (a) (8) of the OPA Rent Regulation for Housing (8 Fed. Reg. 13919), which defines "landlord" as the "owner" or his "agent," is valid; and if not,

3. Whether such invalidity can be questioned other than in the Emergency Court of Appeals created by the Act (50 U.S. C.A.Appendix § 924(c); and if the agent is liable either under the act or said regulation, then

4. Whether, under the trial court's findings, Mrs. Heckle was the agent of Mrs.

Andrews within the contemplation of the act or regulation.

Sec. 925(e) provides that: "If any person selling a commodity violates a regulation, order, or price schedule prescribing the maximum price * * *, the person who buys such commodity * * * may, within one year from the date of the occurrence of the violation * * * bring an action against the seller on account of the overcharge * * *." The seller is made liable for three times the amount of the overcharge and for reasonable attorney's fees and costs. And further: "For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity * * *; and the word 'overcharge' shall mean the amount by which the consideration exceeds the applicable maximum price."

Subs. (a) and (h) of § 942, "Definitions," provide:

"(a). The term 'sale' includes * * * leases * * *. The terms 'sell', 'selling', 'seller', 'buy', and 'buyer', shall be construed accordingly."

"(h). The term 'person' includes an individual * * * or representative of any of the foregoing * * * or any agency of any of the foregoing."

Sec. 13, Sub. (a) (8), of the Rent Regulation defines "landlord" as the "owner" or his "agent."

Sec. 924(d) confers exclusive jurisdiction upon the Emergency Court and (upon review) the Supreme Court "to determine the validity of any regulation or order issued under the act, of any price schedule effective thereunder, and of any provision of any such regulation, order, or price schedule." And provides:

"Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision."

We have found but four cases which consider the liability of the agent of the landlord: McFadden v. Shore, D.C., 60 F. Supp. 8; Bowles v. Shontz, D.C., 60 F. Supp. 497; Dorsey v. Martin, D.C., 58 F. Supp. 722; Kurkland v. Bukspan, 184 Misc. 590, 55 N.Y.S.2d 135, 136. The first three are by Federal district judges of the Eastern Pa. Dist., and the fourth is by the Appellate Term of the N. Y. Supreme Court. The Shore case held the agent liable under Sec. 13(a) (8) of the Rent Regulation. The Shontz case was a suit by the Price Administrator to enjoin enforcement of the act. In the Martin case the agent was held liable on the ground that the rental contract was signed by him as agent, but did not disclose his principal. The New York decision is embodied in the following quotation:

"Acting either on his own behalf or on behalf of defendant Bukspan, defendant Lang exacted from plaintiff charges for use of the leased premises in excess of the applicable maximum rent fixed by the OPA. Regardless of whether defendant Lang was acting in the transaction as principal or agent, he is liable for the damages provided by the statute, Emergency Price Control Act 1942, 56 Stat. 23, 33, 50 U.S.C.A.Appendix § 925(e), the prohibitions of which are directed against 'any person' selling commodities in violation of a regulation, Sec. 205, subdiv. (e), 50 U.S.C.A.Appendix § 925(e). Section 302, subdiv. (h), 50 U.S.C.A.Appendix § 942(h), defines 'person' as 'an individual' or his 'representative' and Section 13, subdiv. (a) (8) of the Rent Regulation for Housing, 8 Fed.Reg. 13919 defines 'landlord' as the 'owner' or his 'agent.' It seems entirely clear that the statute was intended to impose liability upon the principal and agent both."

■ We concur in the last holding to the effect that the act itself (and this independently of Reg. 13(a) (8) ) imposes liability upon the agent as well as the landlord.

Under this holding the validity of Reg. 13(a) (8), and the jurisdiction of the trial

court to inquire into such validity, become unimportant.

However, we deem it appropriate to say, that it would seem clear that if the act itself imposed liability only upon the principal, the administrative agency (OPA) could not by regulation or otherwise impose such liability. Such purported regulation we think would be void upon its face, and therefore could not be enforced in any judicial proceeding. There are quite a number of decisions in which the power of courts, other than the Emergency Court, to inquire into the validity of a price or other regulation within the general discretionary powers of the OPA, are considered; and it is now established that such validity can not be questioned, whether on constitutional or other grounds, and whether urged in a direct proceeding to enjoin enforcement of the regulation or as a defense to a civil or criminal action brought under authority of the act. See Lockerty v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339; Yakus v. United States (Rottenberg v. United States), 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892. A regulation which attempts to change the express terms of the act itself, by enlargement, restriction, or other modification, rests, we think, upon an entirely different basis. For this reason we base our holding of the agent's liability solely upon a proper interpretation of the express terms of the act.

Upon the fourth question, above, that of the asserted agency of Mrs. Heckle, the trial court's findings (there is no statement of facts) show:

The apartment in question was within the Dallas Defence Rental area, was registered with the OPA, and the maximum rental chargeable was $45 per month at the time it was acquired by Mrs. Andrews. On January 5, 1944, Mrs. Andrews in person rented the apartment to Captain Burns at a rental of $75 per month, and at the same time Burns paid to her the rent to February 1, 1944. For the succeeding months of February, March and April Captain Burns gave his check payable direct to Mrs. Andrews at the rate of $75

per month. These checks he delivered to Mrs. Heckle, who deposited them direct to the account of Mrs. Andrews in a local Dallas bank. Mrs. Heckle had nothing to do with making the rental contract, or fixing the rental price. Nor did she have any authority to dispossess the tenant. She had no interest in the rental agreement and received no commission on rentals paid. Her compensation was $15 per month for this and other services rendered Mrs. Andrews; and her only authority in regard to the tenancy of Captain Burns was to take his checks to the bank and deposit them to the credit of Mrs. Andrews. She did have authority to rent the apartment at the same price in case of vacancy. Mrs. Heckles knew nothing of the OPA ceiling price regulation until sometime in March 1945, when she was informed by Captain Burns, at which time she told him he would not have to pay above the ceiling price; nevertheless he gave her a check for March and April rentals at $75 per month, which she deposited to Mrs. Andrews' account.

The concluding fact finding reads:'

"That defendant * * * in her dealings with plaintiff, was not an agent of said Mrs. Audrey H. Andrews * * * as contemplated by the applicable statutes and regulations subjecting persons to damages for a violation of rent regulation statutes and orders."

Treating this last finding as a conclusion based upon the other found specific facts, we think it correct. We hold the agency contemplated by the act is one which authorizes participation in the unlawful act; or one wherein the agent, although lacking authority, actually participates therein. The facts bring Mrs. Heckle within neither of these categories. She had no part in making the contract or fixing the rental; no authority to alter or abrogate the contract or dispossess the tenant. Her only authority was to take the checks to the bank and deposit them to Mrs. Andrews' account. She was no more a participant in the unlawful overcharge than was the bank that cashed the checks and credited the proceeds to Mrs. Andrews' account. The fact that she had authority to rent the property in case of vacancy

has nothing to do with the case; which concerns only the tenancy of Captain Burns. If upon a vacancy she had rented the property at an excess rental, we would have a different question; but her action in that regard would have no bearing upon her dealings with Captain Burns. We attach no importance to Mrs. Heckle's knowledge (or lack of it) of the OPA regulations as affecting her liability. We are not concerned with the extent of liability where no liability is shown.

The trial court's judgment is affirmed.

Affirmed.