BOWLES, Price Administrator, v. RUPPEL.
No. 9141.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 16, 1946.

Decided Nov. 18, 1946.

---

[4] 2 Cir., 149 F.2d 338.

Jacob W. Rosenthal, of Washington, D. C. (George Moncharsh, Deputy Administrator for Enforcement, David London, Director, Litigation Division, Albert M. Dreyer, Chief, Appellate Branch, all of O. P. A.; all of Washington, D. C., John P. LeFevre, Dist. Enforcement Atty., O.P.A., of Dover, Del., and Howard L. Fussell, Enforcement Atty., O.P.A., of Wilmington, Del., on the brief), for appellant.

James M. Tunnell, Jr., of Georgetown, Del., for appellee.

Before ALBERT LEE STEPHENS, GOODRICH, and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

This is an action brought by the plaintiff as Administrator, Office of Price Administration, to recover statutory damages for alleged excess rent received by the defendant in violation of Emergency Price Control Act of 1942, as amended.[1] At the close of the whole case the court granted the defendant's motion to dismiss. While several questions were involved in the proceeding in the District Court the only one argued on this appeal is whether the provision in the statute allowing recovery for receipt of the excessive rental charges is applicable to one in the situation of this defendant.

Two properties are involved, both located in Rehoboth Beach, Delaware. One is at 116 Hickman Street. Upon this the overcharge alleged is $60. The Administrator, as he may under the statute, claims treble damages. The other property is 501 King Charles Avenue on which the alleged overcharge is $110. With regard to this property there is a dispute concerning the amount which was properly collected. This dispute arose over the fact that the registration statement had on it an unidentified entry which indicated a higher seasonal rate than that which was actually charged.[2] This dispute was not resolved by the Trial Judge because it was irrelevant in the view he took of the case. But regardless of the small amount involved in the litigation the controversy between the parties is fairly raised by the alleged discrepancy on the Hickman Street property.

The Trial Judge found: "* * * that the defendant, along with other real estate brokers at Rehoboth Beach, followed the practice of bringing together both landlords and tenants for contractual purposes." In this he concluded that according to agency law defendant acted as a broker. It was also found that "* * * in some cases the defendant collected the rent and gave it to the landlord, but it was shown to my satisfaction that this was merely a personal favor for the benefit of the landlord * * *." That the defendant did receive the rent is indicated both by the Judge's finding and an examination of the testimony. Rent was paid to the defendant by the tenants of both the premises here involved. The District Judge came to the conclusion that under the statute and regulations the defendant was not a managing agent to be included under the term landlord. The discussion leading to this conclusion is in point so far as liability for a registration state-

---

[1] 56 Stat. 34, Act Jan. 30, 1942, as amended by 58 Stat. 640, Act June 30, 1944, 50 U.S.C.A.Appendix, § 925(e).

[2] With regard to these premises there will be, on remand, two questions. One is the question of fact of whether or not the premises ever were rented on a seasonal basis. The other a question of law whether such an entry is effective.

ment is concerned and that was one of the points in the case which came before him. We have, however, a narrower question.

That question, as we see it, is whether the defendant comes within the provision of Section 205(e) of the statute. That section as originally enacted provided:

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater * * *. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be. * * *"[3]

This Section was amended in 1944[4] by a provision permitting the Administrator to bring suit if the "buyer" failed to do so.[5] "Person" is defined in Section 302(h)[6] of the statute to include an individual as well as corporations, partnerships and others.

The defendant is certainly an individual. The defendant received rent for premises and, apparently, the rent received was in excess of that which could be lawfully collected under the terms of the statute and the regulations drawn up pursuant thereto.

It seems, therefore, that defendant's liability comes clearly within the terms of the statute. The Administrator concedes, in his brief, that perhaps not every person who collects rents in excess of the ceiling is liable for treble damages. That may be; we are not in this case compelled to try to imagine all the possible situations which may arise. It is enough to think of the arguments on which this defendant should be excluded from what is apparently the literal application of the statute.

We do not find any basis of exclusion because the defendant is not one burdened with the duties of a landlord as described in Section 7 of the Regulations.[7] Nor is it an excuse from legal liability generally that one has acted, in what he did, as agent for another.[8] The general rule has been applied to liability of those acting as agents in renting premises for liability under the Price Control statute, although under circumstances distinguishable from those presented here.[9]

In this case the defendant brought the parties together and collected the subsequently accruing rents. Whether one of these facts alone would be sufficient to create liability under the statute, we do not need to decide. We have both here. We do not think it changes the result here that the defendant acted as a broker rather than as a rental agent or managing agent for the property. We think the ac-

---

[3] 56 Stat. 34, Act Jan. 30, 1942, 50 U.S.C.A.Appendix, § 925(e) (containing the amended version).

[4] 58 Stat. 640, Act June 30, 1944, 50 U.S.C.A.Appendix, § 925(e).

[5] Sections 2(a) and 10 of the Rent Regulations for Housing, Revised July 1, 1945, are in point but do not, we think, give additional help on the question here. They read as follows:

"Section 2. Prohibition against higher than maximum rents. (a) General Prohibition. Regardless of any contract, * * * no person shall demand or receive any rent * * * higher than the maximum rents provided for by this regulation; * * *" 9 Fed.Reg. 10633 (1944), Pike & Fischer, OPA Serv. p. 200:353 (1944).

"Section 10. Enforcement. Persons violating any provision of this regulation are subject to criminal penalties,

civil enforcement actions and suits for treble damages as provided for by the Act." 8 Fed.Reg. 7322 (1943), Pike & Fischer, OPA Serv. p. 200:367-A (1944).

[6] 56 Stat. 37, Act Jan. 30, 1942, 50 U.S.C.A.Appendix, § 942(h).

[7] Section 7 of the Regulations concerns the duty of "every landlord of housing accommodations" to file a "Registration statement". 8 Fed.Reg. 7327 (1943), Pike & Fischer, OPA Serv. p. 200:411 (1944).

[8] Restatement, Agency (1933) § 321 (in regard to contracts), § 343 (in regard to torts).

[9] McFadden v. Shore, D.C.E.D.Pa.1945, 60 F.Supp. 8; Dorsey v. Martin, D.C. E.D.Pa.1945, 58 F.Supp. 722. But see McCowen v. Dumont et al., D.C.W.D. Mo.1944, 54 F.Supp. 749 (Here the contrary conclusion was assumed, although not discussed by the court).

tions by her come within the literal application of the statute and we do not see any persuasive reason why, as to this case, that application should not be made.

The judgment of the District Court is reversed and the case remanded for further proceedings not inconsistent with this opinion.