**WOODS, Acting Housing Expediter, v. BOBBITT.**

No. 5653.

Circuit Court of Appeals, Fourth Circuit.

Jan. 2, 1948.

COLEMAN, District Judge, dissenting.

———◆———

Francis X. Riley, of Chicago, Ill. (E. D. DuPree, Jr., Hugo V. Prucha, and Irving M. Gruber, all of Washington, D. C., on the brief), for appellant.

J. Howard Hundley and Perry S. Poffenberger, both of Charleston, W. Va., for appellee.

Before PARKER and SOPER, Circuit Judges, and COLEMAN, District Judge.

SOPER, Circuit Judge.

This suit was brought against the defendant as the agent of the landlord of the residence property 3613 Kanawha Avenue, Charleston, West Virgina, to collect three times the excess rent charged the tenant from January 1, 1944, to March 1, 1946, over and above the maximum rent fixed by the Area Rent Director, and to secure the payment therefrom of the overcharge to the tenant. A verdict for the defendant was directed by the District Judge on the ground that the order fixing the maximum rent was void and of no effect since the service of notice of the order had been sent by unregistered mail and the plaintiff had failed to prove by affidavit that the document had been so mailed. The defendant seeks to support the judgment on the ground that the exclusive jurisdiction of the Emergency Court of Appeals to determine the validity of an order of the Rent Director affecting the rent of a particular piece of property does not arise unless the Rent Director, before entering the order, serves a notice upon the landlord in the manner prescribed in the Rent Regulation for Housing and thus affords the owner an opportunity to be heard and to protest against the proposed action.

The suit was originally brought against Myrtle C. French, the owner of the property, and O. B. Bobbitt, her brother-in-law, who, acting as her agent, collected the rents in question; but service of process upon the owner was not obtained and the suit proceeded against the agent alone. The property was rented by the owner at $80 a month on or about January 1, 1944, and shortly thereafter she moved to Illinois and arranged that the rents should be collected and forwarded to her by her brother-in-law or his daughter. The property was not registered as required by Sections 4(e) and 7 of the Rent Regulation, but the agreed rental was collected by the defendant for January, 1945, and for the period from June, 1945, to March 30, 1946. The property was sold by the owner on or about May 1, 1946, and it was then registered by the defendant in order to enable the purchaser to evict the tenant. Thereupon, on June 5, 1946, the Rent Director, acting under the authority of Section 5(c) (1) of the Rent Regulation, issued an order whereby the rent was reduced to $67.50 per month effective January, 1944.

At the trial below the plaintiff offered to prove by a clerk in the Rent Director's Office that a notice of intention to reduce the rent by the Director was mailed by regular mail to the address shown on the registration statement on May 20, 1946, and also that a copy of the order of the Rent Director dated June 5, 1946, decreasing the maximum rent of the premises from $80 a month to $67.50 a month, was mailed by regular mail to the defendant at the address shown on the registration statement. No affidavit of mailing the order in question was made or placed in the file in the Rent Director's Office, and the District Judge therefore rejected the offer of proof. The evidence should have been admitted at least for the purpose of showing that the proceeding was begun within three months after the registration statement was filed.

See Section 4(e) of the Rent Regulation, 10 F.R. 3436. The judge, however, was of the opinion that the order reducing the rent was void, since the Rent Director did not proceed in strict accord with Section 1300-263 of Procedural Regulation No. 3, which provides with respect to the proof of notices, orders and other process, that when service is by unregistered mail an affidavit that the document has been mailed shall be proof of service; and he held further that under these circumstances the District Court had authority to consider the validity of the order and that the exclusive jurisdiction of the Emergency Court of Appeals to determine questions of validity under Section 204(d) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 924(d), did not attach.*

The defendant testified that he did not receive notice of the intention to reduce the rent, or notice of the order reducing the rent at the time of its passage, but admitted that in July or August, 1946, he received by registered mail a copy of the order reducing the rent. Neither the defendant nor the owner of the property ever filed a protest with the Expediter or an appeal to the Emergency Court of Appeals, as provided in Sections 203(a) and 204(d) of the Act, 50 U.S.C.A.Appendix, §§ 923(a), 924(d), or took any other steps to secure a vacation or revision of the order on the ground that they were not put on notice, or on any other ground. The instant suit was not brought until March 4, 1947.

It is firmly established that the United States District Courts have no power to consider the validity of a rent reduction order but that exclusive jurisdiction in respect thereto resides in the Emergency Court of Appeals and the Supreme Court of the United States; and this is true even though the claim is made that the person affected has been denied due process or that the order is void ab initio. In Yakus v. United States, 321 U.S. 414, 437, 64 S.Ct. 660, 673, 88 L.Ed. 834, it was said:

"The Emergency Court has power to review all questions of law, including the question whether the Administrator's determination is supported by evidence, and any question of the denial of due process or any procedural error appropriately raised in the course of the proceedings. No reason is advanced why petitioners could not, throughout the statutory proceeding, raise and preserve any due process objection to the statute, the regulations, or the procedure, and secure its full judicial review by the Emergency Court of Appeals and this Court. Compare White v. Johnson, 282 U.S. 367, 374, 51 S.Ct. 115, 118, 75 L. Ed. 388."

See also Bowles v. Meyers, 4 Cir., 149 F. 2d 440; United States v. George F. Fish, Inc., 2 Cir., 154 F.2d 798; Shrier v. United States, 6 Cir., 149 F.2d 606; Rosensweig v. United States, 9 Cir., 144 F.2d 30.

The defendant contends that the right of a landlord to complain to the Emergency Court of Appeals with respect

---

* Procedural Regulation No. 3 provides:
"Section 1300.201. Purposes of this regulation.—It is the purpose of this regulation to prescribe and explain the procedure of the Office of Price Administration, Office of Temporary Controls, in making various kinds of determinations in connection with the establishment of maximum rents and the issuance of certificates relating to eviction."
"Section 1300.207. Action by rent director on his own initiative. In any case where the rent director pursuant to the provisions of a maximum rent regulation, deems it necessary or appropriate to enter an order on his own initiative, he shall, before taking such action, serve a notice upon the landlord of the housing accommodations involved stating the proposed action and the grounds therefor. The proceeding shall be deemed commenced on the date of issuance of such notice."
"Section 1300.263. Service of papers. —Notices, orders, and other process and papers may be served personally or by leaving a copy thereof at the residence or principal office or place of business of the person to be served, or by mail, or by telegraph. When service is made personally or by leaving a copy at the residence or principal office or place of business, the verified return of the person serving or leaving the copy shall be proof of service. When service is by registered mail or telegraph the return post office receipt or telegraph receipt shall be proof of service. When service is by unregistered mail, an affidavit that the document has been mailed shall be proof of service." See 8 F. R. 526, as amended, 9 F. R. 10484.

676

to an individual rent order does not arise until the order has been passed and served by the Rent Director, and the owner has filed a protest against it without success, in conformity with the Rent Regulation and Section 203(a) of the Emergency Price Control Act. It is argued that the provision of Section 204(d) of the Act which confers exclusive jurisdiction to determine the validity of an order issued under Section 2 of the Act, 50 U.S.C.A.Appendix, § 902, upon the Emergency Court of Appeals and the Supreme Court relates to general orders applicable to a rental area which may be passed by the Rent Director without notice under Section 2(b) of the statute, but does not relate to an order affecting an individual property until the owner has been served with notice as provided by the Regulation and has had an opportunity to be heard before the order becomes effective and to file a protest under Section 203(a) of the Act. The decisions of the courts are to the contrary. It was specifically held by this court in Bowles v. Meyers, 4 Cir., 149 F.2d 440, 442, that the Emergency Court of Appeals and the Supreme Court have exclusive jurisdiction to determine the validity of individual rent orders, and it was held in Porter v. Eastern Sugar Associates, 4 Cir., 159 F.2d 299, 301, that the same courts have exclusive jurisdiction to consider the validity of orders directed at individual sellers.

The practice in the Emergency Court of Appeals and its decisions are in accord with this view. See 150 East 47th Street Corporation v. Creedon, Em.App., 162 F.2d 206; Fury v. Fleming, Em.App., 161 F.2d 189, 194, 195; Direct Realty Co. v. Porter, Em.App., 157 F.2d 434, 438, 439; Victor v. Porter, Em.App., 157 F.2d 769, 772, 773. Thus in the case first cited it was said by the court (162 F.2d 206, at page 211) in the exercise of its exclusive jurisdiction that a Rent Director's refund order should not be declared invalid ab initio merely on the ground that the Rent Director had denied the landlord a fair opportunity to be heard before issuing the order, but that the evidence in the protest proceedings pertaining to the merits should be examined in order to determine whether the order was arbitrary or capricious.

■ It is true that in the pending case, the defendant having made no appearances, there was no hearing and no evidence taken in regard to the Rent Director's order; but the defendant was not denied an opportunity to be heard and offer evidence since he admittedly received a copy of the order in July or August, 1946, but nevertheless failed to avail himself of the provisions of Section 203(a) of the statute which provides that at any time after the issuance of an order under Section 2 of the Act any person subject thereto may file a protest specifically setting forth his objections thereto or other written evidence in support of such objections. The objection to the proof of service of the order is directed to its validity and it is not for the District Court or for this court to decide whether the order was invalid by reason of the failure of the Rent Director to comply literally with the Rent Regulation or whether this failure on his part was cured by the proof of service offered at the trial below or by the defendant's failure to file a protest against the reduction of rent after actual notice before the pending suit was brought. These questions are committed to the determination of the Emergency Court of Appeals; and the defendant is empowered by Section 204(e), 50 U.S.C.A.Appendix, Section 924(e), of the Act to apply to the District Court within five days after its judgment is rendered, if it be adverse to him, for leave to file in the Emergency Court of Appeals a complaint against the Administrator setting forth his objections to the validity of the order.

■ Since the decision of the District Court must be reversed and the case remanded for another trial, it is desirable to notice the rejection by the District Court of an offer by the plaintiff of three checks in partial proof of the overcharge of rent. The checks were payable to the daughter of the defendant and not to him directly, as was the case of the other checks given by the tenant in payment of rent. The three checks were endorsed by the daughter, delivered to the defendant, and deposited by him in his bank account, and the money disbursed by him for the benefit of the owner. He handled these checks exactly as the ones admitted in evidence. Obviously

the evidence should have been received since it tended to show that the monies covered by these checks, like the monies covered by the other checks, were collected by the defendant as agent for the owner. If the defendant's agency is established, all the checks should be included in the computation of his liability under the relevant provisions of the statute and the Housing Regulation. See Section 205(e) of the Act, 50 U.S.C.A.Appendix, § 925(e), Sections 2(a), 10 and 13 of the Rent Regulation. See also Bowles v. Ruppel, 3 Cir., 157 F.2d 944; Dorsey v. Martin, D.C., E. D. Pa., 58 F. Supp. 722; McFadden v. Shore, D.C., E. D. Pa., 60 F.Supp. 8; Kurland v. Bukspan, 184 Misc. 590, 55 N.Y.S.2d 135.

Reversed and remanded.

COLEMAN, District Judge (dissenting).

I am unable to agree with the majority of the Court in reversing the District Court.

Summarized my reasons are these: (1) I do not know of any decision of the Supreme Court or of this or any other Circuit Court of Appeals actually holding that a landlord, under the Emergency Price Control Act, is to be denied an opportunity to show in a District Court that suit against him has never been validly commenced because of lack of service upon him in the prescribed manner. I do not construe the language in Yakus v. United States, 321 U.S. 414, 437, 64 S.Ct. 660, 673, 88 L.Ed. 834, which is quoted and relied upon in the majority opinion, as covering the present situation because the questions "of the denial of due process or any procedural error appropriately raised", referred to there, are expressly those "in the course of the proceedings." I think this language may properly be construed as limited to proceedings that have themselves been validly commenced. I am not disposed to accept as binding, rulings to the contrary by the Emergency of Appeals. (2) I am not willing to hold that the Emergency Price Control Act calls for departure from a fundamental principle of due process. It seems to me this would be tantamount to making a mockery out of the principle of due process under the guise of a so-called national emergency. It would mean that the Government, if it wanted to be so capricious, might obtain a judgment at any time, for any amount, against any landlord before he had ever had an opportunity to have his day in Court. The wrong done is not cured merely by saying that if this occurs, the landlord may thereafter seek redress in another forum.