**WOODS, Housing Expediter, v. WILLIS.**

**No. 12356.**

United States Court of Appeals
Fifth Circuit.

Dec. 31, 1948.

Ed Dupree, Gen. Counsel, OHE, Hugo V. Prucha, Asst. Gen. Counsel, OHE, and Francis X. Riley, Sp. Lit. Atty., OHE, all of Washington, D.C., and J. Edwin Fleming, Lit. Atty., OHE, and H. C. Happ, Regional Rent Atty., OHE, both of Dallas, Tex., for appellant.

James V. Allred and Levert J. Able, both of Houston, Tex., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This is an action by appellant under the Emergency Price Control Act of 1942, as amended.[1] From a judgment in his favor for the sum of $648, but which failed to restrain further violations, the Expediter appealed, and the case is before us on many disputed questions of fact, but only one question of law that we deem sufficiently serious to discuss.

Upon the facts, we cannot say that the court's findings were clearly erroneous, or that the court abused its discretion in declining to grant an injunction against future violations; but we think the court erred as to an overcharge of $42.25 made by Marvin A. Roy to Mrs. Albert Burdick on the Sherman Street property. Except as to that overcharge, we think the judgment should be affirmed. As to that item, we think the appellee acted as agent for Marvin A. Roy and is liable as landlord of the premises within the meaning of the rent-control provisions of said Act of 1942, and the regulations promulgated under its authority.

As to the excepted overcharge, the appellee is liable on two grounds: (1) He is the "landlord" of premises within the meaning of the aforesaid act and regulations; and (2) he is liable as a "person" who received rent within the meaning of said act and regulations. In other words, an agent who demands and receives more than the maximum rental renders himself liable, for statutory damages.[2]

The judgment appealed from is affirmed except as to said overcharge of $42.25; as to this overcharge, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion. No costs of this appeal shall be taxed against the appellee.

Affirmed in part and reversed in part.

---

[1] 56 Stat. 23, 33, 50 U.S.C.Appendix, § 925 (a) and (e).

[2] Bowles v. Ruppel, 3 Cir., 157 F.2d 944; Woods v. Bobbitt, 4 Cir., 165 F.2d 673; Dorsey v. Martin, D.C., 58 F.Supp. 722; McFadden v. Shore, D.C., 60 F. Supp. 8; Woods v. Claving Realty Corp., D.C., 77 F.Supp. 533; Creedon v. Evangelista, D.C., 77 F.Supp. 538, 540; Kurland v. Bukspan, 184 Misc. 590, 55 N.Y. S.2d 135.