## DUNNING v. RANDALL H. HAGNER & CO., Inc.

No. 724.

Municipal Court of Appeals for the District of Columbia.

Jan. 7, 1949.

Augustus P. Crenshaw, III, of Washington, D. C. (Francis W. Hill, Jr., of Washington, D. C., on the brief), for appellant.

Ellis B. Miller, of Washington, D. C. (Milton W. King, Bernard I. Nordlinger, and Wallace Luchs, Jr., all of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant, hereinafter referred to as the tenant, went to the office of Randall H. Hagner & Company, Incorporated, a real estate broker, hereinafter referred to as the broker, seeking to rent housing accommodations for himself and his family. He was told that a house owned by one Stokes, hereinafter referred to as the owner, was for rent and that it had been renting for $175 per month. Upon the tenant's statement that he could not pay more than $150 per month, he was told to make a written offer to rent for that sum. The tenant submitted such an offer and the broker prepared a lease in accordance with it and forwarded it to the owner, who apparently is a non-resident. The owner executed the lease and returned it to the broker and the tenant took possession thereunder and occupied the premises for a period of twenty months, paying monthly rental of $150.

This action by the tenant against the broker alleged that the maximum rent ceiling for the premises under the District of

Columbia Emergency Rent Act [1] during the time of his tenancy was $130 per month, that he had during such time paid overcharges of $400, and sought judgment for twice that amount plus attorney's fees. The case was decided on motion of the broker for summary judgment. Affidavits in support of and in opposition to the motion were filed. The trial court ruled that there was no liability on the part of the broker who throughout the transaction acted as an agent for the owner, a disclosed principal.

In Mayer v. Buchanan, D.C.Mun.App., 50 A.2d 595, 596, we held that a real estate broker who leased property in his own name, describing himself as "Agent for the Owner only" without disclosing the identity of his principal, was liable under the Rent Act for an overcharge. Having executed the lease in his own name the broker was practically and legally the landlord and clearly liable.

In the present case the broker was not the landlord and liability on its part depends not on its status but on the actions of its officers and employees. They conducted the negotiations between the tenant and the owner; prepared the lease on one of the Company forms, which included an agreement by the owner to pay the broker a commission on all rentals collected during existence of the lease and any extension thereof; affixed its signature as agent to the lease beneath the signatures of the owner and the tenant; collected the rents and deposited them to its account; and presumably, though not expressly shown by the record, accounted to the owner for the rentals after deducting its commission.

■ Section 10 of the Rent Act provides that if "any landlord receives rent" in violation of a maximum rent ceiling, the tenant paying such rent may bring an action for double the amount by which the rent paid exceeded the applicable rent ceiling. Section 11(g) defines landlord to include "an owner, lessor, sublessor, or other person entitled to receive rent for the use or occupancy of any housing accommodations." It is plain that the broker in this case was neither owner, lessor nor sublessor, and in our opinion it was not a person "entitled to receive rent." The broker was authorized to receive rent for the landlord but was not "entitled" to receive it. No action could have been brought by the broker to enforce payment of the rent had it not been paid. Therefore, if the only person liable under section 10 is the landlord, as defined by the Act, the broker is not liable.

■ However, while section 10 makes the action dependent on the landlord receiving rent in violation of the ceiling, it does not in so many words say that the action lies against the landlord alone, but merely states that the action may be brought and does not say against whom it may be brought. The Act must be considered as a whole and section 10 must be read in connection with section 5. The latter section provides that "It shall be unlawful * * * for any person to demand or receive any rent in excess of the maximum-rent ceiling." The term "person" is defined by section 11(h) to include "one or more individuals, firms, partnerships, corporations, or associations and any agent, trustee, receiver, assignee, or other representative thereof."

■ It is evident that the broker is a person within the meaning of the Act and that it was unlawful for the broker to receive rent in excess of the ceiling even though it was received as agent for the disclosed owner. We think the liability imposed by section 10 applies to one who has unlawfully received rent in excess of the ceiling under the circumstances of this case. We think it is no defense that the broker acted for the owner. An agent cannot escape liability for his unlawful act by saying that he acted for another. Nor is it a defense that the broker was not a party to the lease. The action is not one in contract based on the lease. It is an action to recover a statutory obligation arising from an unlawful act. On the record before us the broker was equally guilty with the owner. The question of liability of a broker who negotiates a lease but does not collect rent or of one who does not negotiate the

---

[1] Code 1940, Supp. VI, §§ 45—1601 to 1611.

lease but collects rent, is not before us and is not decided. We hold that the broker ·who participates in the making of a lease providing for rent in excess of the ceiling and who participates in enforcing that lease by collecting the rents is liable to the tenant in an action for overcharges.[2]

Reversed for further proceedings in accordance with this opinion.

---

[2] A similar result has been reached under the National Rent Act, 50 U.S.C. A.Appendix, § 901 et seq. Bowles ·v. Ruppel, 3 Cir., 157 F.2d 944; Woods v. Bobbitt, 4 Cir., 165 F.2d 673; · McFadden v. Shore, D.C.E.D.Pa., 60 F. Supp. 8; Dorsey v. Martin, D.C.E.D. Pa., 58 F.Supp. 722. See also Woods v. Claving Realty Corp., D.C.S.D.N.Y., 77 F.Supp. 533; Kurland v. Bukspan, 184 Misc. 590, 55 N.Y.S.2d 135; Burns v. Heckle, Tex.Civ.App., 193 S.W.2d 983. Cf. McCowen v. Dumont, D.C.W.D.Mo., 54 F.Supp. 749.