## CHALEK et al. v. KAYRAY REALTY CORPORATION et al.

United States District Court
S. D. New York.
March 9, 1949.

**630**

Irwin D. Odinov and Louis Schneider, both of New York City, for plaintiff.

Samuel R. Kurzman, of New York City, for Kayray.

Jerome H. Shapiro, of New York City, for Jordan & Kurzman.

Charles R. Butler, of New York City, for Lorenz.

RIFKIND, District Judge.

 Upon reconsideration, at the instance of plaintiff, of which the defendants had notice, I am impelled to change the conclusion expressed in my memorandum of November 26, 1948, with respect to the liability of defendant Jordan, a real estate agent, who negotiated the assignment of a lease together with a tied-in furniture sale and received the first rental and purchase price, acting throughout as agent for and on behalf of the assignor. On the rationale of Bowles v. Cardinal Cutlery Corp., D.C.S.D.N.Y.1946, 69 F.Supp. 435, I had thought him not to be liable. The Court of Appeals for the fifth circuit has since held that agents of landlords are liable under § 205(e) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925(e), ignoring the linguistic difficulty created by the statutory use of the word "seller". Woods v. Willis, 5 Cir., 1948, 171 F.2d 289. The Court of Appeals for the Second Circuit has even more recently held that a real estate agent who performs services as agent for and on behalf of the landlord is liable under the same section. I am bound by its decision, which

in this respect was unanimous. Woods v. White, 2 Cir., 1949, 172 F.2d 356.

Despite the decision of the Court of Appeals for the Seventh Circuit, Leibman v. Siegel, November 24, 1948, rehearing denied January 17, 1949,[1] to the effect that the value of the tied-in furniture is irrelevant to the calculation of the overcharge, I adhere to my former opinion that the value is deductible and that in the absence of proof thereof, the minimum statutory damages apply.

The decision of this case is therefore changed to read that the plaintiffs have judgment against Lorenz and Jordan, jointly and severally, for $50 plus an attorney's fee of $50 and costs.

---

[1] This opinion was withdrawn by a superseding opinion of March 21, 1949.  173 F.2d 935.