**DELPAN v. KARVOSKY.**

No. 893.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 13, 1950.

Decided March 15, 1950.

Louis Jongbloet, Washington, D. C., for appellant.

Jacob Gordon, Washington, D. C., also entered an appearance for appellant.

Denis K. Lane, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant sued for possession of two rooms on the ground that appellee had failed to pay rent therefor in the sum of $72. Appellee by counterclaim alleged that for a period of 100 weeks he had paid $1 per week over the rent ceiling and thereby was entitled to recover $200, double the amount of overcharges. A jury sustained appellee's counterclaim, awarding appellee a verdict for $128 and denying appellant's claim to possession.

From an agreed, and abbreviated, statement on appeal, approved by the trial court, we gather the following facts. The rooms in question are in a rooming house which, with two other nearby rooming houses, were operated by one Manouellian at the time appellee commenced his tenancy. At that time appellant was employed by Manouellian as resident manager for the three houses. His office adjoined her living quarters and she worked under his direct and close supervision. For her services she received living quarters free of rent and 25¢ a week for each room cared for by her.

When appellee rented the rooms he dealt exclusively with appellant. Appellant demanded and received from appellee rent of $19 per week for the entire 100 week period. At the end of 94 weeks appellant purchased the rooming house business from Manouellian and thereafter during the final six weeks of the period she collected rent from appellee as his landlord and not as agent for Manouellian. At the end of the period appellant learned for the first time that under the District of Columbia Emergency Rent Act[1] the rent ceiling on appellee's room was $18 per week.

Appellant conceded that she was liable for the overcharges collected for the six weeks after she became landlord but denied liability for the 94 weeks when she collected the rent as agent for Manouellian.

---

1. Code 1940, Supp. VII, § 45—1601 et seq.

34

The case was submitted to the jury under the rule announced by this court in Dunning v. Randall H. Hagner & Co., Inc., D.C.Mun.App., 63 A.2d 770, 772. The question is whether that rule has application here.

In the Dunning case we ruled that "the broker who participates in the making of a lease providing for rent in excess of the ceiling and who participates in enforcing that lease by collecting the rents is liable to the tenant in an action for overcharges." In that case the broker had bargained with the tenant to determine the rental figures; had prepared the lease, which included an agreement by the owner to pay the broker a commission on all rentals collected thereunder; affixed its name as agent and submitted it to the owner; and had collected the rents and deposited them to its account and after deduction of commissions had accounted to the owner for such rents. We think the facts of that case clearly distinguish it from the present one and that the rule there announced has no application to the facts here.

Appellant was described as resident manager but it is well known that generally those holding such positions have no authority to fix rents or to bargain with respect thereto. From the record it would appear that appellant's duties were more janitorial than managerial, but however that may be it seems quite clear that her authority with respect to rents was limited to renting at prices fixed by the owner, collecting those rents, and turning them over to the owner. The amount of rent was no concern of hers. She had no interest therein by way of commission or otherwise. Having no authority to fix or vary the rent she was under no duty to ascertain whether it was within the rent ceiling. The rent law does not impose a duty on one in a matter in which he has no interest and no authority. In the Dunning case the broker had authority to negotiate for a lease and had a direct interest by way of commissions in both fixing and collecting the highest rent possible.

We hold that appellant was liable only for double the overcharges collected by her during the period that she was appellee's landlord.

Judgment reversed with instructions to grant a new trial.