## Prashunas v. Gownley

Before Aponick, Flannery and Lewis, JJ.

*Albert W. Brobst* and *Phillip M. Gorgold,* for plaintiff.

*John R. Reap, Jr.,* for defendant.

FLANNERY, J., October 2, 1951.—This is a suit for triple damages instituted by a tenant against his landlord for collecting excessive rent contrary to the rent control regulations imposed under Federal law.

Defendant filed preliminary objections on the basis of which she moves that the complaint be dismissed. That motion is now before the court and the objections are:

"1. The complaint is defective for failure to join as parties defendant the coowners of the property situate at 1125 Wyoming Avenue, Exeter Borough, Luzerne County, Pennsylvania, as required by Rule 2227 of the Rules of Civil Procedure.

"2. The complaint alleges a violation of a Federal statute, but fails to aver or plead any portion of the statute which confers jurisdiction upon any State court to try the cause.

"3. The complaint fails to aver when, by whom, or by what process the maximum rent set forth in paragraph 5 was established.

"4. The complaint fails to aver continuous occupancy by the plaintiff of the premises for the period covered by the complaint."

We have considered the objections carefully and in detail and we are satisfied that they cannot be sustained.

The first objection, that the coowners are not joined as codefendants, ignores the fact that the action is in personam in conformity with the Federal Housing and Rent Act of June 30, 1947, 50 U. S. C. App. §1895, 61 Stat. at L. 199, which provides that:

"Any person who demands, accepts, receives, or retains any payment of rent in excess of the maximum rent . . . shall be liable to the person from whom such payment is demanded, accepted, received or retained, . . ."

The complaint alleges that defendant demanded, accepted or received the overcharge. This is sufficient and brings the case within the act: Woods v. Willis, 171 F.

(2d) 289; Dorsay v. Martin, 58 F. Supp. 722, and Mayer v. Buchanan, 50 A. (2d) 595. (D. C.).

The second objection, that the complaint fails to plead the Federal statute by specific quotation, completely ignores the Pennsylvania Judicial Notice Act of May 4, 1939, P. L. 42, 28 PS §291, by virtue of which this court will take judicial notice of the statutes of any jurisdiction of the United States. Here the statute is referred to, it is identified; that is sufficient. Indeed, without the support of this act the pleading would still be sufficient.

"As the State courts take judicial notice of the laws of the United States, it is therefore not necessary to plead such laws when the facts pleaded bring the case within them. . . ." 3 Standard Pa. Practice, 34, §27.

And see also Stoker et al., Appellants v. Philadelphia & Reading Railway Company, 254 Pa. 494.

The third and fourth objections are likewise without merit. The third is to the effect that plaintiff has not set forth "when, by whom, or by what process" the maximum rent alleged was established. But such facts are set forth in paragraph 5 of the complaint with sufficient particularity to advise defendant and the court and are sufficient to enable defendant to reply effectively if there is an effective reply available on the merits.

The same conclusion applies to the fourth and last objection, which is to the effect that continuous occupancy by plaintiff is not averred. But in paragraphs 6, 7 and 8 of the complaint continuous occupancy is definitely averred, with the varying excessive rents throughout the period and with the specific dates for which the rents were charged.

Wherefore, the preliminary objections are dismissed and defendant is directed to file her answer within 20 days from the date hereof.