## REYMAN v. EDWARD H. JONES & CO., Inc.

### No. 1320.

Municipal Court of Appeals for the District of Columbia.

Argued March 16, 1953.

Decided April 8, 1953.

Rehearing Denied May 7, 1953.

John C. Keating, Washington, D. C., with whom Godfrey L. Munter, Washington, D. C., was on the brief, for appellant.

Helen V. Dolan and George B. Fraser, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This was a suit against a real estate agent for statutory damages under our Rent Control Act, Code 1951, Supp. I, § 45–1601 et seq., for failure to maintain a heating system.

The complaint alleged that defendant, acting as rental agent for one Hirschy leased the premises in question to the plaintiff at $150 per month, the rate previously fixed by the Rent Administrator on the basis of certain minimum-service standards and facilities, including a suitable heating system and furnace and repairs thereto. Plaintiff alleged that for a period of six months defendant failed to provide a suitable heating system and furnace and repairs thereto, in violation of the minimum service standard; that though complaint was made to defendant company it refused to provide a suitable heating system for the premises; as a result of which plaintiff and his family were without heat and were made ill.

■ Defendant filed a motion to dismiss on the ground that it had merely acted as agent for a disclosed principal, that it was not a landlord within the meaning of the Rent Act, and was therefore not liable under the provision authorizing the bringing of such an action against a landlord. Attached to the motion was a copy of the lease agreement between the owner Hirschy, as lessor, and Reyman (tenant-plaintiff) as lessee. Plaintiff filed written opposition to the motion together with photostatic copies of rent checks made payable to and negotiated by defendant-agent. With the introduction of this new material the motion was to be treated as a motion for summary judgment under Municipal Court Civil Rule 12(b). The trial judge granted judgment on the pleadings and dismissed plaintiff's complaint. Plaintiff appeals.

The Rent Act provides: "It shall be unlawful * * * for any person to demand or receive any rent in excess of the maximum-rent ceiling, or refuse to supply any service required by the minimum-service standard * * *." Code 1951, Supp. I, § 45–1605(a). And a later section provides: "If any landlord receives rent or refuses to render services in violation of any provision of this chapter, or of any regulation or order thereunder prescribing a rent ceiling or service standard, the tenant paying such rent or entitled to such service * * * may bring * * * an action for double the amount by which the rent paid exceeded the applicable rent ceiling and, in case of violation of a minimum-service standard, an action for double the value of the services refused in violation of the applicable minimum-service standard or for $50, whichever is greater in either case * * *." Code 1951, Supp. I, § 45–1610(a).

■ Appellant relies on Dunning v. Randall H. Hagner & Co., D.C.Mun.App., 63 A.2d 770. There we held that a broker who negotiated a lease providing for rent in excess of the legal ceiling and who participated in enforcing that lease by collecting such excessive rents was liable to the tenant in an action for overcharges. Plaintiff contends that case is closely analogous to this and establishes his right of action against defendant. With that contention we cannot agree. The statute made certain acts unlawful and imposed an individual duty to refrain from them. We agree that a defendant cannot escape responsibility for its own performance of those unlawful acts on the ground that it was merely an agent negotiating an illegal contract in the name of its principal and then receiving rent thereunder. That was our basic ruling in the Dunning case.[1] But it by no means follows that such an agent is liable for non-performance of a duty which essentially rests on the owner.

■ The statute assures a tenant a standard of minimum-service and creates a correlative duty to furnish that standard. But upon whom is that duty thrust? Implicit in plaintiff's position is an assumption that defendant-agent is made responsible for the discharge of that duty. But we think it plain that the statute does not impose such duty on one who is not the owner, has no interest in the property and has not by contract or otherwise undertaken to discharge the duty. We have no doubt that one whose duty it is to provide the minimum-service standard may be called upon to make repairs and perform other functions incident to the management and maintenance of property. But those responsibilities lie inherently with an owner or landlord and not with one who is a mere rental collection agent.

We find nothing in the Rent Act indicating an intent to place that responsibility upon such an agent. Nor is such responsibility disclosed by the pleadings in this case. This agent is in a greatly different situation than the one in the Dunning case, who had negotiated a basically unlawful contract for his principal. We think it must be held that an agent who does no more than collect rents is not required to furnish, maintain and repair a heating plant. Our holding does not emancipate all agents in all circumstances. We do not say that there can never be a situation in which an agent may

---

1. See also Mayer v. Buchanan, D.C.Mun.App., 50 A.2d 595, and cases there cited.

make himself answerable in this type of case; we say only that in the case before us no such responsibility appears.

Plaintiff contends that if the usual rules of agency are applicable and liability rests with the principal instead of the agent, such is an affirmative defense which defendant should be required to plead and prove at a trial on the merits. However the complaint states only that defendant failed to provide the minimum-service in violation of the standards fixed by the Rent Administrator. We have seen that the act alone does not impose this duty on defendant; we have also seen that the lease agreement gives no hint that defendant would be responsible for these services. No other basis of liability is claimed or shown. Accordingly, under no state of facts which could be proved in support of his claim would plaintiff be entitled to relief. It follows that the trial judge was correct in granting defendant's motion. Callaway v. Hamilton Nat. Bank of Washington, 90 U.S.App.D.C. 228, 195 F.2d 556.

Summary judgments, as we have said on other occasions, should be granted cautiously. But when the facts are as clear as they are here, and the applicable legal standards are equally clear and lead to but one conclusion, it is not error to follow that lead and decline to impose liability where none exists.

Affirmed.