J. LEO KOLB COMPANY, Inc., Appellant,

v.

William L. S. WILLIAMS, Appellee.

No. 1584.

Municipal Court of Appeals for the
District of Columbia.

Argued Dec. 20, 1954.

Decided Feb. 1, 1955.

Charles H. Quimby, with whom Arthur
F. Carroll, Jr., Washington, D. C., was on
the brief, for appellant.

William Laverick, Washington, D. C.,
for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from a judgment under
the District of Columbia Emergency Rent
Act, D.C.Code 1951, § 45–1601 et seq.
(which expired July 31, 1953) for double
overcharges of rent for an apartment. Ap-
pellant is a real estate broker who nego-
tiated the lease and collected the rent.[1]

The apartment was vacant in the early
part of 1951 and extensive improvements
were made at a cost of more than $3,000.
Because of these improvements, and while

1. See Dunning v. Randall H. Hagner & Co., Inc., D.C.Mun.App., 63 A.2d 770.

the apartment was still vacant, appellant on June 20, 1951, filed a petition with the Rent Administrator asking that the rent ceiling be raised from $47.20 to $135 per month. By lease dated July 20 appellee became a tenant of the apartment and agreed to and did pay $135 per month. The petition for adjustment of rent was never acted upon by the Administrator. Appellee brought this action, claiming that for twenty-two months he had paid $135 a month whereas the maximum rent ceiling was $47.20. He was awarded judgment for $3,728.20 plus an attorney's fee of $50.

■ Unquestionably the filing of a petition for adjustment on June 20, 1951, did not automatically increase the rent ceiling or entitle the landlord to charge the requested increase. As the law then stood, no increase of rent could be charged until authorized by order of the Administrator. However, on July 1, 1951 (eleven days after the petition was filed) the District of Columbia Emergency Rent Act of 1951 became effective. This Act revised and extended the former Act. The previous law had allowed a landlord to petition for adjustment of rent to compensate for substantial capital improvements or alterations made since January 1, 1941.[2] The new Act contained a similar provision for improvements or alterations made since January 1, 1951,[3] and also contained a new provision to the effect that, upon the expiration of forty-five days after filing of such petition the requested adjusted ceiling should automatically become the legal rent ceiling "unless and until such adjustment petition shall have been finally disposed of by the Administrator * * *."[4]

■ Our question is whether appellant who filed its petition on June 20, 1951, is entitled to the benefits of the Act of June 30, 1951. The 1951 Act made no reference to pending petitions and in words referred only to petitions filed "under the provisions of subsection (b) of this section." Of course appellant's petition was not filed under the provisions of a then nonexistent statute, and if appellant wished the benefit of the new law it should have filed a new or amended petition. However, its petition, though not so worded, did seek an adjustment because of improvements made since January 1, 1951, and we think the Act of 1951 should be construed to cover petitions pending at the time of its enactment if in fact and in substance such petitions met the requirements of the new Act. There is no question that substantial improvements were made to the apartment after January 1, 1951, that because of those improvements an adjustment of rent ceiling was sought, and that the Administrator never acted on the petition. Accordingly we hold the Act of 1951 applicable.

■ No retroactive effect can be given to the forty-five day period fixed in the Act, as it is evident Congress intended that the Administrator should have the full period after passage of the Act in which to take action on such petitions. Therefore it was illegal for the landlord to charge the increased rent until forty-five days had elapsed after effective date of the Act. Consequently, the rent of $135 for the first month[5] was illegal and for that month there was an overcharge of $87.80 and appellee was entitled to judgment for double that amount or $175.60. Under the circumstances of this case, we see no occasion to disturb the award of $50 for attorney's fee, and we are of opinion appellant should bear the cost of this appeal.

Accordingly the judgment is reversed without costs and the case is remanded to the trial court with instructions to enter judgment for appellee for $175.60 plus an attorney's fee of $50.

Reversed and remanded with instructions.

2. Code 1951, § 45–1604(b).

3. Code 1951, Supp. II, § 45–1604(b).

4. Code 1951, Supp. II, § 45–1604(g).

5. Although the lease was dated July 20, 1951, and purported to create a tenancy beginning July 15, it appears that August was the first month for which rent was charged.