THERESA ROBINSON, Plaintiff, *v.* FIVE ONE FIVE ASSOCIATES COR-
PORATION and SHELTON SOLOW, Doing Business under the
Name of CONSOLIDATED SERVICE COMPANY, Defendants.

City Court of New York, Special Term, New York County, October 20, 1943.

*Tobias A. Keppler* for plaintiff.

RIVERS, J. This is an *ex parte* application under sections 230 and 232 of the Civil Practice Act for an order allowing substituted service of the summons upon a resident of the city and State of New York, now in the Army of the United States, whose present whereabouts is unknown to plaintiff. It is shown that information as to the location of the defendant cannot by diligent effort be acquired as the War Department will not furnish plaintiff's attorney with any such information and defendant's relatives and business associates cannot or will not supply it. Although it appears that defendant entered the army about a year ago, it is not shown that he " has been continuously without the state of New York more than six months " (Civ. Prac. Act, § 232, subd. 3), or even that he is now without the State. There is a possibility that he is stationed at a camp within the State and an equal possibility that he is in the Aleutians, Alaska, India, Italy, or on the high seas. However, there is " satisfactory proof that plaintiff has been or will be unable, with due diligence, to make personal service of the summons within the state." (Civ. Prac. Act, § 230.)

I do not believe that either section 230 or subdivision 3 of section 232 of the Civil Practice Act can properly be made applicable, in a war such as this, at least in an action *in personam,* to a soldier whose whereabouts is unknown. Service of the summons at the defendant's former residence and by leaving a copy with a relative—it is proposed by plaintiff that a copy be served upon defendant's mother — will not in the circumstances constitute due process of law. The location of a soldier serving outside the country is not ordinarily known even to his relatives, and the censorship imposed by the army is intended to prevent them from knowing it. To constitute due process service of the summons must be effected in such a way that a defendant may reasonably be expected to receive actual notice of the

action in time to defend it. There is an even chance at this time that the service of the summons upon the mother of the defendant, and by leaving it at his former residence, is a useless procedure; if defendant is out of the country it is not reasonable to suppose that such service will afford him a timely opportunity to defend the action.

On the whole, the sections under consideration were probably intended to furnish a means of serving one who has voluntarily absented himself from the State on his own affairs or who, by his voluntary conduct, has made it impossible to serve him. They were not, I think, designed to apply against a soldier in time of war; they are certainly unsuited to the conditions of a war in which the armed forces are scattered over the entire world. These sections of the Civil Practice Act should be construed sensibly and applied only in a reasonable way.

Plaintiff calls attention to the provisions of section 201 of the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 521), allowing a court to stay an action against a person in the military service if it be just to do so, and to section 200 of the same Act (U. S. Code, tit. 50, Appendix, § 520), safeguarding such a person against the entry of judgments by default. It is plaintiff's contention that these sections afford sufficient protection to defendant and that he will therefore not be harmed by the proposed substituted service of the summons. But the said statutory provisions become operative upon commencement of the action, and have no relation to the point that the action should not, in the circumstances above outlined, be commenced by substituted service.

Plaintiff states that the proposed cause of action against defendant is for personal injuries sustained by her in consequence of the negligence of one of defendant's employees, and that she has learned that defendant is insured against liability for such negligence, so that the action will probably be defended by an insurance company. That probability does not, however, in my opinion, render applicable provisions for substituted service of the summons which are otherwise inapplicable.

The petition for an order allowing substituted service of the summons is denied.

Order signed.

(On reargument, November 19, 1943.)

This application for an order allowing substituted service of the summons upon a soldier whose present whereabouts is unknown has been resubmitted to me. In declining to grant the application when it was presented the first time I stressed my

belief that substituted service would not, in the circumstances, constitute due process. In an attempt to overcome this objection the proposed order which plaintiff's attorney now submits provides for various methods of service upon various persons, including the " Adjutant-General's office in Washington, D. C.", which is to receive a copy of the summons and complaint and the order for substituted service, with instructions to forward it to the defendant wherever he may be.

However, there seems to be no contention that the residence of the defendant is unknown. The point is not that his residence cannot be found but that his present location is unknown because he is somewhere with the armed forces. Since that is so, service in any other way than by leaving the summons at the residence of the defendant as provided in section 231 of the Civil Practice Act is wholly ineffective. (Cf. *Mazer* v. *Gerstinblith*, 256 App. Div. 671; *Weinstein* v. *Potashnikoff*, 25 N. Y. S. 2d 314.) The method of effecting substituted service provided by the statute authorizing such service must, of course, be strictly followed; the court may not invent some other method which may seem more appropriate in a particular instance (cf. *Erickson* v. *Macy*, 231 N. Y. 86, 91; *Korn* v. *Lipman*, 201 N. Y. 404).

Even if it be assumed that defendant's residence cannot be found so that the court may direct service in any manner calculated to give defendant reasonable notice of the action brought against him and an adequate opportunity to defend it, I know of no method sufficient for that purpose in the case of a soldier in this war whose location is unknown and who may be engaged in battle on some remote Pacific island. Suppose the Adjutant-General does forward the summons to the defendant in such a place; how will the defendant be able to make himself heard by this court? Can he interpose an answer? Should he be expected to give any thought to defending the action at such a time and in such a place? Certainly he is not a free agent who has voluntarily departed from the jurisdiction on private business or pleasure.

The necessity of making sure that the requirements of due process are met transcends all other considerations. Even if plaintiff's right of action were to be lost to her no argument she has made meets the seemingly insuperable objection that no method of service reasonably calculated to afford due process in the circumstances has been suggested; her right of action, if lost, would simply have to be regarded as another casualty of this war. The right to press litigation must sometimes yield to the exigencies of war.

But plaintiff's cause of action is by no means lost to her. On the contrary, institution of the action is merely deferred until after completion of defendant's military service (Soldiers' and Sailors' Civil Relief Act of 1940, § 205, as amd. [U. S. Code, tit. 50, Appendix, § 525]; New York State Soldiers' and Sailors' Civil Relief Act [Military Law], § 308; *Erickson* v. *Macy*, 231 N. Y. 86, *supra*). I think it is a fair assumption that both the Congress and the State Legislature made provision that the period of military service should not be included in computing any period limited by law for the bringing of an action against a person in the military service with the idea that the institution of an action against a person absent from the State in such service must generally be deferred until he is discharged from service. The provisions above referred to of the Federal and State Soldiers' and Sailors' Civil Relief Acts would, for the most part, be unnecessary if an action could be commenced by substituted service against defendants absent from the State because serving in the armed forces.

For these reasons and those discussed in the opinion heretofore filed, the application for an order allowing substituted service is again denied.

Order signed.