### McFADDEN v. SHORE et al.

#### No. 3932.

District Court, E. D. Pennsylvania.

March 28, 1945.

Myer Friedman, of Philadelphia, Pa., for complainant.

Joseph Skale, of Philadelphia, Pa., for defendants.

BARD, District Judge.

This is before the court on a motion to dismiss the complaint. Plaintiff instituted an action against defendants to recover damages under the provisions of Section 205(e) of the Emergency Price Control Act of 1942, 56 Stat. 34, 50 U.S.C.A.Appendix § 925(e), for charging rents in excess of the maximum fixed by Maximum Rent Regulation No. 28, redesignated Rent Regulation for Housing (8 F.R. 7322 § 1388.1181). Motion has been made under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, (1) to dismiss the action against defendant Harry Shore because the complaint fails to state a claim against him; and (2) to dismiss the action or, in lieu thereof, to quash the return of service of summons as to Jacob Shore.

The facts, insofar as they are here relevant, are as follows:

Defendant Jacob Shore, by his authorized agent, Harry Shore, executed a written lease of premises 2032 N. 29th Street, Philadelphia, Pennsylvania, to plaintiff. Jacob Shore received monthly rentals thereunder which plaintiff alleges are in excess of the maximum rentals fixed by the Office of Price Administration, and, to recover damages therefor, plaintiff instituted this action under Section 205(e) of the Act.

The United States Marshal made service of summons upon the defendant by leaving attested copies thereof at 2518 South 7th Street, Philadelphia, Pennsylvania, with an adult member of the family, Eva Shore, who is the daughter of Harry Shore and a sister of Jacob Shore. Jacob Shore is and was at all times pertinent hereto a member of the armed forces of the United States. Prior to joining the United States Navy Jacob Shore lived with his family at the address where service was made.

Rule 4(d) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, authorizes service of summons upon an individual to be made, inter alia, "* * * by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein * * *."

Defendants contend that service of process must be made upon Jacob Shore in Charleston, South Carolina, where he is now stationed by the Navy; that his "dwelling house or usual place of abode" for purpose of service no longer is at his Philadelphia address but is in Charleston.

The question was squarely raised in Ruth & Clark, Inc. v. Emery, 1943, 233 Iowa 1234, 11 N.W.2d 397, where service was made under a similar statute upon the wife of the defendant at their home although the defendant had previously been inducted into the armed forces. And it was there held that service was proper as having been made at defendant's usual place of residence.

■ In an earlier case, Eckman v. Grear, 14 N.J.Misc. 807, 187 A. 556, the defendant enlisted in the United States Army and was sent to the Hawaiian Islands where he hoped to qualify for admission to West Point Military Academy. He sold all his personal belongings and expressed the intention to remain permanently in the Army. In setting aside the service of summons made at defendant's former home the court held that "usual place of abode" is the place where defendant is actually living at the time of service; that defendant had permanently abandoned the home of his parents; and that defendant's "usual place of abode" was now at his Army station, Hawaii. However, there was no animo revertendi on the part of the defendant as was present in the Emery case, which is the distinguishing factor in the cases. The holding that the "usual place of abode" is the place where the defendant is living at the time of service is contrary to the weight of authority holding that where temporary residence is established away from the normal or usual residence the "place of abode" is the usual residence regardless of the fact that defendant may be occupying the temporary residence at the time of service. Rovinski v. Rowe, 6 Cir.1942, 131 F.2d 687; Skidmore v. Greene, S.D.N.Y.1940, 33 F. Supp. 529.

■ The Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1178, 50 U.S.C.A. Appendix § 510 et seq., affords protection for a litigant in military service after an action has begun, but in no way affects the method of service prescribed in Rule 4(d) (1) of the Federal Rules of Civil Procedure. Robinson v. Five One Five Associates Corp., 1943, 180 Misc. 906, 45 N.Y.S.2d 20.

If Jacob Shore had been a civilian, the service of process undoubtedly would have been proper. The rule appears to be the same when absence from the usual place of residence is caused by military service, provided the present whereabouts of the defendant are known so that he would reasonably be expected to receive actual notice of the action. Robinson v. Five One Five Associates Corp., supra.

Section 201 of the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1181, 50 U.S.C.A.Appendix § 521, provides that a court, of its own motion or upon application of a party in military service or some person on his behalf, may, in its discretion, stay any proceeding in which such person is a party unless it appears that that person will not be prejudiced by reason of his military service. This action is brought to recover a penalty provided by statute upon a lease executed by the agent of Jacob Shore during his absence in military service. The act must be liberally construed to fully protect those who have entered the armed forces to protect this nation. Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587, rehearing denied 320 U.S. 809, 64 S.Ct. 26, 88 L.Ed. 489. Under Sections 201 and 204 of the Act, I therefore order that the proceedings be stayed as against Jacob Shore during the period of his military service and for three months thereafter.

As to the motion to dismiss the action against Harry Shore, agent of Jacob Shore, the contention is made that the complaint fails to state a cause of action in that Harry Shore was the agent of a principal disclosed and known to plaintiff. Section 13(a) (8) of Maximum Rent Regulation No. 28, redesignated Rent Regulation for Housing (8 F.R. 7328), defines a "landlord" as an owner, lessor, sublessor, assignee *or other person receiving or entitled to receive rent* for the use or occupancy of any housing accommodation; *or any agent of any of the foregoing.* (Italics supplied).

Harry Shore, as agent of the owner and as the person entitled to receive the rents is clearly a "landlord" as defined in the act and may be subjected to the penalties provided for violation of the act and the Rent Regulation. Since the provisions of the Emergency Price Control Act and Rent Regulation for Housing promulgated thereunder are controlling in this proceed-

ing, the motion to dismiss the action against Harry Shore is denied.

The motion to dismiss the action or, in lieu thereof, to quash the return of service of summons as to Jacob Shore is denied, and the motion to dismiss the action against Harry Shore is denied. All proceedings against Jacob Shore are stayed during the period of his military service and for three months thereafter.