**Mary PUCHEK**

v.

**Willie S. ELLEDGE.**

**Civ. No. 2142.**

United States District Court
N. D. Indiana,
Hammond Division.

April 2, 1958.

Sachs, Ruman & Tanasijevich, Hammond, Ind., for plaintiff.

Louis C. Nettelhorst, Chicago, Ill., for defendant.

SWYGERT, Chief Judge.

This is a suit for personal injuries arising out of an automobile accident. Diversity of citizenship is the basis of jurisdiction, the plaintiff being a citizen of Indiana and the defendant a citizen of Michigan. The accident occurred on December 23, 1954. The action was commenced on February 13, 1957 and service was obtained upon defendant pursuant to the provisions of the Indiana Nonresident Motorist Statute, Burns' Stat.1952 Repl. § 47–1043.

Defendant moves to dismiss on the ground that the action is barred by the statute of limitations requiring that suits for personal injuries be filed within two years after accrual of the cause of action. Burns' Stat.1946 Repl. § 2–602.

In reply plaintiff has alleged that the defendant, a member of the Armed Forces of the United States of America,

was absent from the State of Indiana for more than one year subsequent to December 23, 1954. She contends that, because of this situation, the statute of limitations was tolled under the provision of Sec. 2–606, Burns' Stat.1946 Repl., which reads in part:

"The time during which the defendant is a nonresident of the state or absent on public business shall not be computed in any of the periods of limitation."

In furtherance of her contention, plaintiff cites the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1178, 50 U.S.C.A.Appendix, § 521, and argues that by virtue of this federal statute the defendant was not subject to the jurisdiction of the court while in military service.

There are no Indiana decisions which deal with the precise question, although it was held in Gregg v. Matlock, 1869, 31 Ind. 373, that where a volunteer soldier was absent from the state such absence was an absence on public business within the meaning of the statute. Judge Ray, dissenting, argued that a volunteer soldier does not lose his residence so as to prevent his being sued and having service of process served upon him by leaving copy at his place of residence.

In a later case, Niblack, Adm'r, v. Goodman, 1879, 67 Ind. 174, 197, the Indiana Supreme Court decided that a person who was out of the state attending to private business interests was not engaged in a public enterprise and therefore the tolling provisions of the statute did not apply. In that case the court, quoting Judge Ray's dissenting opinion in the Gregg case, said:

"It seems to us that the absence of the defendant, contemplated in this section of the statute, must be such as would prevent the plaintiff, during its continuance, from enforcing his cause of action by a judgment *in personam*, against the defendant. If the absent defendant maintains his residence in this State, so that such service of process can be had on him by copy, as would authorize the rendition of a personal judgment against him, such defendant can not be said to be 'absent,' within the meaning of that word as used in section 216 of the code, and the time of such absence of such defendant will be computed in any of the periods of limitation."

The Indiana Nonresident Motorist Statute was enacted first in 1935. The present act, passed in 1943, provides for constructive substituted service of process upon a nonresident motorist by serving the secretary of state. Comparative legislation has been enacted in many other states and the identical problem which is here presented has also been considered in a number of jurisdictions. There is a conflict of opinion. See 94 A.L.R. 486.

In my judgment the better reasoning requires a holding that the general statute of limitations applies and that § 2–606 has no application. Illustrative of this view is Nelson v. Richardson, 295 Ill.App. 504, 15 N.E.2d 17 and Coombs v. Darling, 116 Conn. 643, 166 A. 70. In the Coombs case, the court held that service of process under a nonresident motorist statute was merely a substitute for service upon the defendant in the usual manner and that to apply the provision tolling the statute of limitations would give plaintiffs in automobile cases a much longer period to file suit than afforded plaintiffs in other types of action against nonresidents.

In my opinion the Soldiers' and Sailors' Civil Relief Act has no application. As pointed out in Robinson v. Five One Five Associates Corp., 180 Misc. 906, 45 N.Y.S.2d 20 and in McFadden v. Shore, D.C.E.D.Pa.1945, 60 F.Supp. 8, the act becomes operative upon the commencement of the action and has no relation to the service of process upon a defendant nor to any suspension of a statute of limitations.

The motion to dismiss is granted.