Frances ZITOMER and Nathan Zitomer

v.

Frank HOLDSWORTH, a/k/a Fred M. Holdsworth.

Civ. A. No. 26826.

United States District Court
E. D. Pennsylvania.

Nov. 9, 1959.

Norman Shigon, Philadelphia, Pa., for plaintiffs.

Joseph R. Livesey (of LaBrum & Doak), Philadelphia, Pa., for defendant.

STEEL, District Judge.

Defendant has moved to dismiss the complaint upon the ground that the action is barred by the two-year Pennsylvania Statute of Limitations, Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34. The action is based upon personal injuries sustained by the plaintiffs by reason of the alleged negligence of defendant which resulted in an automobile accident in Pennsylvania two years and twelve days before suit was begun. Diversity of citizenship is the basis of jurisdiction.

Defendant was in the Navy at the time of the accident and for a period of more than twelve days thereafter. Because of this fact, plaintiff contends that the statute of limitations is tolled by the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A.Appendix, § 525.[1] This provides that the period prescribed by "any law * * * for the bringing of any action * * * in any court * * * by or against any person in the military service" shall be computed by excluding the time spent in the military service.

Section 525 has been construed to mean what it says; and Courts have consistently held that in an action against a serviceman a statute of limitations otherwise applicable has, by virtue of § 525, been tolled during the period of military service. Bowles v. Dixie Cab Association, D.C.D.C.1953, 113 F.Supp. 324; Blazejowski v. Stadnicki, 1944, 317 Mass. 352, 58 N.E.2d 164; Warinner v. Nugent, 1951, 362 Mo. 233, 240 S.W.2d 941, 26 A.L.R.2d 278, annotated at page 286; Campbell v. Rockefeller, 1948, 134

1. 50 U.S.C.A.Appendix, § 525:

"The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 * * * be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment."

Conn. 585, 59 A.2d 524; Hurwitch, by Goldberg v. Adams, Del., 155 A.2d 591.

The defendant argues that the Soldiers' and Sailors' Civil Relief Act is inapplicable to the instant case because, even though defendant was in military service and stationed outside of Pennsylvania, he was nevertheless subject to service under the Non-Resident Motorist Act of Pennsylvania. Act of May 14, 1929, P.L. 1721, § 1, 75 P.S. § 1201. From this, defendant argues that no reason exists to toll the statute in favor of plaintiff who has delayed pressing his demand beyond the statutory period. Defendant points out that Courts which have held that § 525 of the Act tolled the statute of limitations did not give consideration to the effect which non-resident service statutes might have upon § 525, if indeed the jurisdictions involved had such statutes. The point is not significant. In Blazejowski, the serviceman was stationed in the State of Massachusetts and was subject to personal service in that state. Yet the Court held that § 525 tolled the statute. Availability or non-availability for service had nothing to do with the result. The Court recognized that the critical factor which brings § 525 into play is that of military service. When that circumstance is shown, the period of limitations is automatically tolled for the duration of that service.

The holding in Puchek v. Elledge, D.C. N.D.Ind.1958, 160 F.Supp. 286, 287 is not at variance with the above view. True, the Court states broadly that the Soldiers' and Sailors' Civil Relief Act is "operative upon the commencement of the action and has no relation * * *

to any suspension of the statute of limitations". But nothing in the opinion suggests that § 525 was either relied upon by the plaintiff or was considered by the Court. The opinion makes no mention of § 525. What was said had reference seemingly to § 521. This authorizes a Court to stay an action in which a serviceman is involved during the period of such service or within 60 days thereafter.[2] It was under this provision that the defendant argued that a non-resident serviceman is exempt from service and that the service which had been made under the Indiana Non-Resident Motorist Statute was ineffective as a basis of jurisdiction. The Court rejected this argument, apparently on the theory that the authority of the Court to stay the action provided the serviceman with adequate protection. The fact that Puchek was concerned exclusively with the relationship of § 521 to the validity of service and had nothing to do with the tolling provisions of § 525 is substantiated by the fact that the Court relied solely upon Robinson v. Five One Five Associates Corp., 1943, 180 Misc. 906, 45 N.Y.S.2d 20 and McFadden v. Shore, D.C.E.D.Pa.1945, 60 F.Supp. 8 as the basis of its decision. The latter two cases dealt with the problem of service of process during the times when the defendants were in military service and not with the tolling effect of § 525.

■ It is unnecessary to consider whether, as defendant claims, the tolling provisions of the Pennsylvania law are inoperative because of the availability of the defendant to service under the Non-Resident Motorist Act of Pennsylvania.[3] Even though it be assumed that

---

2. 50 U.S.C.A.Appendix, § 521:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, * * * unless, in the opinion of the

court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

3. Act of May 22, 1895, P.L. 112, § 1, 12 P.S. § 40:

"In all civil suits and actions in which the cause of action shall have arisen within this state, the defendant or defendants in such suit or action, who shall have become non-residents of the state

the period of limitations was not tolled by virtue of the Pennsylvania statute, the supremacy clause of Article VI of the United States Constitution makes § 525 pre-emptive in the tolling field and any state law to the contrary must yield to it.

An order denying the motion to dismiss will be entered.

after said cause of action shall have arisen, shall not have the benefit of any statute of this state or the limitation of ac- tions during the period of such residence without the state."

