Frances **ZITOMER** and Nathan Zitomer, Appellants,

v.

Frank **HOLDSWORTH**, also known as Fred M. Holdsworth.

No. 17770.

United States Court of Appeals, Third Circuit.

Argued Sept. 23, 1971.

Decided Oct. 8, 1971.

---

Norman Shigon, Philadelphia Pa., for appellants.

Frank Holdsworth, U.S.N.R., Jacksonville, Fla., for appellee.

Before VAN DUSEN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

**PER CURIAM:**

Plaintiff appeals from a December 13, 1968 order dismissing for want of timely prosecution a complaint filed some nine years earlier.[1] Defendant was properly served, an appearance was entered for him, and an answer was filed. Defense counsel later obtained leave to withdraw after the case was placed on the jury trial list.

 When the case was called for trial four months later, on October 3, 1962, plaintiff successfully moved for a postponement on the ground that defendant was on active duty in the military service. The case was placed on the "deferred list" of the district court where it remained for six years, without any effort by the court or plaintiff to relist the action for trial.[2]

---

1. The Eastern District of Pennsylvania has a salutary rule, 18, (now Rule 23(a)) providing that "[w]henever in any civil action the Clerk shall ascertain that no proceeding has been docketed therein for a period of more than two successive years * * * [after notice], the action shall be dismissed" without prejudice unless good cause is shown.

2. We wish to express our disfavor of any "deferred list" practice which permits inactivity for a period as long as that demonstrated by the instant case. That the defendant is in the military service is not a valid excuse. The military services have been extremely cooperative with making stateside service personnel available for the state and federal court systems. Overseas tours of duty rarely ex-

Appellant contends that the Soldiers' and Sailors' Relief Act of 1940, 50 U.S.C. App. § 525,[3] justifies his failure to prosecute the action. This provision affords him no relief; it simply tolls the statute of limitations during the period of military service and has no applicability to an action duly filed and served within the applicable statute of limitations. Moreover, no other provisions of the Act justify plaintiff's dereliction. The record discloses neither the period of active service of the defendant, nor any attempt by defendant to avail himself of the Act's provisions, 50 U.S. C. App. § 521,[4] nor does it disclose any attempt by appellant at a default judgment either precluded by or in conformity with 50 U.S.C. App. § 520.[5]

Plaintiff had ample opportunities throughout the years to list the case for trial. At the time of the invocation of the rule to show cause why the action should not be dismissed, he could have obtained a trial date. His unwillingness to prosecute this complaint justifies termination of the case.

The judgment of the district court will be affirmed.

ceed two years. We suggest that all district courts in this circuit take immediate steps to re-examine cases on "deferred lists."

3. § 525. *Statutes of limitations as affected by periods of military service:*

The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service * * * whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service * * *.

4. § 521. *Stay or proceedings where military service affects conduct thereof:*

At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [sections 501–548 and 560–590 of this Appendix], unless, in the opinon of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.

5. § 520. *Default judgments; affidavits; bonds; attorneys for persons in service:*

(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of the court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require, as a condition before judgment is entered, that the plaintiff file a bond approved by the court conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this Act.