**Franky HENDERSON, Plaintiff-in-Error,**

v.

**Fred MILLER et al., Defendants-in-Error.**

Supreme Court of Tennessee.

Feb. 22, 1972.

James H. Jarvis, Meares, Dungan & Jarvis, Maryville, for plaintiff in error.

William N. Groover, Cheek, Taylor & Groover, Knoxville, for defendant in error.

## OPINION

CHATTIN, Justice.

In this opinion we will refer to the parties as they appeared in the trial court: that is, Franky Henderson, plaintiff; and Fred Miller as defendant.

Plaintiff was a guest passenger in an automobile operated by defendant on January 16, 1969, at which time it collided with a vehicle driven by Hugh W. Ford.

Plaintiff sued defendant, Ford and Edward Miller, the father of defendant and owner of the car driven by defendant, for personal injuries received in the collision.

The suit was filed on August 25, 1969, by filing of summons which was returned unexecuted as to defendant. On December 18, 1969, an alias summons was issued and returned unexecuted as to defendant. On January 6, 1970, a pluries summons issued which was also returned unexecuted as to defendant. The next and final summons was issued on April 20, 1971, which was served on defendant on April 21, 1971.

Defendant filed a motion to dismiss the suit against him on the ground the action was barred by the statute of limitations.

For the purpose of argument of the motion, Counsel for the respective parties filed the following stipulation:

"It is agreed and stipulated between the parties for the purpose of the hearing upon the motion to dismiss filed therein that the defendant, Fred Miller, was drafted into the United States Army and was called out of the State of Tennessee and stationed in Fort Bragg, North Carolina, from August 27, 1969, until January 27, 1970, at which time the United States Army sent him overseas to Vietnam, and that he returned to the United States and the State of Tennessee, and specifically to Knox County, Tennessee, on March 30, 1971."

The trial judge sustained the motion and dismissed the suit as to the defendant.

Plaintiff has perfected an appeal.

Although plaintiff has filed three assignments of error, we need only consider the second assignment because we think it is well taken and should be sustained.

The second assignment is as follows:

"The trial court erred in sustaining the defendant Fred Miller's motion to dismiss in that all statutes of limitations are extended as a matter of law under Sections 510; 511; 512 and 525 of the 'Soldiers' and Sailors' Civil Relief Act of 1940' during the period that the de-

**198**

fendant was actually serving in the armed forces."

Defendant argues the assignment is not good for two reasons: the first being the Soldiers' and Sailors' Civil Relief Act of 1940 was passed for the protection of persons in the armed services and not for the protection of a civilian; plaintiff in this case. Secondly, plaintiff could have obtained service of process upon defendant through the Secretary of State.

We are of the opinion both grounds are without merit.

F.C.A. Section 50 U.S.C. App. 525 provides:

"The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 (Oct. 6, 1942) be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax or assessment."

"Despite the 'unambiguous nature of the words by or against any person in military service', the contention has been made that the general purpose of the. Civil Relief Act to benefit servicemen requires that limitations should not be suspended as to actions against a man in service so as to benefit his opponent, but this argument has been rejected. * * * * Provisions of the Act tolling the statute of limitations may be in-

voked by civilians as well as by persons in the armed forces." 54 Am.Jur.(2d), Section 341, page 158; 26 A.L.R.2d 284; 155 A.L.R. 1455; 157 A.L.R. 1454; 158 A.L.R. 1456; and 75 A.L.R.2d 1062.

The fact service of process could have been perfected upon defendant through the Secretary of State did not affect plaintiff's cause since under the Act the period of defendant's military service would be excluded in computing the period of limitations.

"This Section of the Act applies to actions in the State Courts, as well as the Federal Courts. * * *" 54 Am.Jur. Section 340, page 157; 26 A.L.R.2d 284; 75 A.L.R.2d 1062.

The judgment of the trial court sustaining the motion to dismiss the suit is reversed and the cause remanded for trial on its merits.

DYER, C. J., CRESON and McCANLESS, JJ., and JENKINS, Special Judge, concur.