## Mitchell v. Phillips

*Thomas J. Evans*, for plaintiffs.
*Gailey C. Keller*, for defendants.

## STATEMENT OF FACTS

MYERS, P. J., October 19, 1972.—The minor plaintiff, Michael G. Mitchell, by his father and guardian, Michael E. Mitchell, and Michael E. Mitchell and Loretta J. Mitchell, his wife, individually, filed suit against defendants for damages allegedly due to the negligence of defendants in throwing gasoline upon a fire which was warming the litigants during an ice-skating party in Benton, Pa., on January 17, 1970, at which time minor plaintiff suffered personal injuries.

Plaintiffs' complaint was filed on March 7, 1972, more than two years following the date of injury. Defendants filed preliminary objections in the nature of a demurrer, alleging that plaintiffs' claim had been barred by the two-year statute of limitations applicable in this type of personal injury action.

Plaintiffs filed answer to defendants' preliminary objections, claiming that the father and guardian, Michael E. Mitchell, was overseas in the military service at the time of the aforesaid incident and that he continued to be in the military service at the present time. Therefore, plaintiffs contend that the statute of limitations is tolled by the Soldiers and Sailors Civil Relief Act of 1940, 50 U.S.C. Appendix §525.

The matter was placed upon the argument list and briefs were submitted by the respective attorneys. The issue is now before this court for disposition.

## DISCUSSION

The Pennsylvania statute of limitations providing

the limitation in personal injury actions, Act of Assembly of June 24, 1895, P. L. 236, as amended, 12 PS §34, states the following:

"Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law."

The statute begins to run as of the date of injury. See Bernath v. LeFever, 325 Pa. 431.

The statute makes no exception in favor of minors and they are bound by the statute just as adults: Tocus v. D. & H. Railway Corp., 35 Luz. 169. See also Schmucker v. Naugle, 426 Pa. 203.

It appears that the natural father guardian, Michael E. Mitchell, has been in the military service at least since July 1970, and continues to be in the military service at the present time.

Under the Soldiers and Sailors Civil Relief Act of 1940, a statute of limitations does not bar an action for damages when a party in interest is serving in the armed forces of the United States of America. In effect, the Soldiers and Sailors Civil Relief Act tolls the statute of limitations during the period of military service. See 50 U. S. Code Appendix §525. See also Thompson v. Reedman, 201 F. Supp. 837 (Pa. D. C. 1961).

The issue in this case is complicated by the fact that the party in the military service is not the injured plaintiff as such, but is the natural father and guardian at litem of the injured minor plaintiff. Therefore, the question becomes whether or not the facts of this case fall within the purview of the benefits of the Soldiers and Sailors Civil Relief Act in order to toll the Pennsylvania statute of limitations.

50 U.S.C. Appendix §525 of the Soldiers and Sailors Civil Relief Act has been liberally construed by the courts who have looked through the form to the substance in order to extend the act's benefits to a serviceman who may be affected by the action, although not directly a party to the action. See 26 A.L.R. 278 (Commentary). The court in McFadden v. Shor, 60 F. Supp. 8 (Pa. D. C. 1945), stated:

"The act must be liberally construed to fully protect those who have entered the armed forces to protect this nation."

See also Hummel v. Sheehan, 52 D. & C. 492.

Under Rule 2027 of the Pennsylvania Rules of Civil Procedure, a minor plaintiff is required to be represented by a guardian who has the duty to supervise and control the conduct of the action on behalf of the minor. Therefore, the guardian plays an integral part in the proceedings and should be deemed a party in interest for these purposes.

The fact that the age of minority has been lowered to age 18 in some situations does not apply to this case, in that this action arose prior to the passage of the act.

Defendants contend that because the minor plaintiff could have selected another guardian, presumably not in the military service, the Soldiers and Sailors Civil Relief Act should not be invoked to protect the guardian and/or minor plaintiff. This argument is without merit because the minor plaintiff had the right to select his father as guardian ad litem if he so chose, and such selection under the circumstances appears to be logical. See Rule 2031 in Pennsylvania Rules of Civil Procedure.

Defendants also insist that plaintiffs' counsel could have filed a summons to toll the statute of limitations but failed to do so. Defendants further contend that according to the affidavit attached to plaintiffs' com-

plaint that the complaint was signed and sworn to on May 20, 1971, with plaintiffs' counsel acting as notary public, taking the acknowledgment. Defendants urge that the complaint at that point was ready for filing and should have been filed at that time, which was well within the period of applicable statute of limitations.

However, the court in Zitomer v. Holdsworth, 178 F. Supp. 504 (Pa. D. C. 1959), referred to the Soldiers and Sailors Civil Relief Act and stated:

"That the period prescribed by 'any law . . . for the bringing of any action . . . in any Court . . . by or against any person in the military service' shall be computed by excluding the time spent in the military service."

Citing other cases, the court recognized that the critical factor which brings 50 U.S.C. Appendix §525 into play is that of the military service. No distinction is made whether the action is "by" or "against" a serviceman. When that circumstance is shown, the period of limitations is automatically tolled for the duration of that service (page 506). The court concluded its opinion by stating:

"Even though it be assumed that the period of limitations was not tolled by virtue of the Pennsylvania Statute, the supremacy clause of Article VI of the United States Constitution makes §525 pre-emptive in the tolling field and any state law to the contrary must yield to it."

Therefore, the tolling of the statute of limitations becomes mandatory under U.S.C. Appendix §525 of the Soldiers and Sailors Civil Relief Act of 1940, and whether or not the serviceman guardian, or minor plaintiff, or his counsel, could have acted more expeditiously becomes irrelevant.

Thus, we conclude that the claims of Michael G. Mitchell, a minor, by his father and guardian, Michael

E. Mitchell, and Michael E. Mitchell, individually, are not barred by the statute of limitations for the reasons set forth above. However, in view of the above, we find that the claim of Loretta J. Mitchell, individually, has been barred by the statute of limitations.

In accordance with the foregoing, we make the following

ORDER OF COURT

And now, to wit, October 19, 1972, defendants' preliminary objections in the nature of a demurrer as to the claim of Loretta J. Mitchell, individually, are hereby sustained, and the complaint of Loretta J. Mitchell, individually, is hereby dismissed; defendants' preliminary objections in the nature of a demurrer as to the claims of Michael G. Mitchell, a minor, by his father and guardian, Michael E. Mitchell, and Michael E. Mitchell, individually, are hereby denied, and defendants are hereby granted 20 days to file an answer or other appropriate pleading to said complaint.