529 F.2d 214
 36 A.L.R.Fed. 414
 Irene RICARD, as Administratrix of the Estate of Larry
Anthony Ricard, Deceased, and George E. Mosley, as
Ancillary Administrator of the Estate of
Larry Anthony Ricard, Appellants,
v.
Michael S. BIRCH, HG. Battery-First Battalion, Troop
Marines, Camp LeJeune, North Carolina, Appellee.
 No. 74--2377.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 8, 1975.
Decided Dec. 4, 1975.
 
 Michael P. Flanagan, New Bern, N.C. (Ward, Tucker, Ward & Smith, New Bern, N.C., on brief), for appellee.
 Richard E. Regan, Rochester, N.Y. (Moore, Diedrick & Whitaker, Rocky Mount, N.C., on brief), for appellants.
 Before HAYNSWORTH, Chief Judge, ANDERSON,* Senior Circuit Judge, and RUSSELL, Circuit Judge.
 HAYNSWORTH, Chief Judge:
 
 
 1
 The plaintiff claims that the district court improperly dismissed this wrongful death action as barred by the statute of limitations. Because of the Tolling provision of the Soldiers' and Sailors' Relief Act, we agree.
 
 
 2
 Plaintiff, Ricard, is the New York administratrix of the estate of her son, who died on September 6, 1971, as a result of an automobile accident that occurred in Ethiopia on August 25, 1971. At the time of the accident the decedent was riding in a car driven by the defendant, a fellow Marine. This action was filed on August 24, 1973, in the Eastern District of North Carolina, while the defendant was stationed at Camp LeJeune, North Carolina. He has since left the Marine Corps and now resides in California.
 
 
 3
 The district court, in two unchallenged orders, held that North Carolina choice of law rules require application of the Ethiopian wrongful death act, that North Carolina, New York, and Ethiopia all have two year statutes of limitations for wrongful death actions and that suit may not be maintained in North Carolina by a foreign administrator. The plaintiff was thereafter allowed to procure the appointment of an ancillary resident administrator and to amend her complaint to include him as a party. In a third order, however, the court held that the appointment and amendment did not relate back to the filing of the complaint. This result was reached by application of the North Carolina rule, most recently stated in Johnson v. Trust Co., 22 N.C.App. 8, 205 S.E.2d 353 (1974), that an action filed by a non-resident administrator is a nullity, to which there can be no relation back. The court concluded that it was required to dismiss the suit as untimely because the ancillary administrator was appointed after the expiration of the two year statute of limitations.
 
 
 4
 The plaintiff has appealed, claiming alternatively that Rule 15(c), Fed.R.Civ.P., allows relation back notwithstanding the mandate of Rule 17(b) to follow state law regarding a party's capacity to sue, and that the statute of limitations was tolled by the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. App. § 525. We hold that the statute was tolled, and do not reach the question whether Rule 15(c) displaces the contrary state rule.
 
 
 5
 The tolling statute, 50 U.S.C.A. App. § 525 provides in pertinent part:
 
 
 6
 'The period of military service shall not be included in computing any period . . . limited by any law . . . for the bringing of (an) action . . . in any court . . . against any person in military service . . . whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service . . .'
 
 
 7
 It is uncontroverted that both the defendant and plaintiff's decedent were members of the United States Marine Corps on August 25, 1971, the date of the fatal accident. The defendant remained in the Marine Corps until about February 25, 1974. The statute plainly requires the court, in computing the time limitation, to disregard the two and one-half years spent by the defendant in the armed forces after the accident.
 
 
 8
 The defendant argues, however, that the statute should not be applied because it was not raised in the district court. Ordinarily, of course, we do not pass on questions that were not presented to or considered by the district court, but orderly rules of procedure do not require sacrifice of the rules of fundamental justice. 'Indeed, if deemed necessary to reach the correct result, an appellate court may sua sponte consider points not presented to the district court and not even raised on appeal by any party.' Washington Gas Light Co. v. Virginia Electric & Power Co., 4th Cir., 438 F.2d 248, 250--51. The statute is couched in mandatory terms, and it has been said that an exception to the general rule of non-reviewability exists when a pertinent statute has been overlooked in the trial court. Thus, in Campbell v. Rockefeller, 134 Conn. 585, 59 A.2d 524 (1948), the court applied the tolling provision of the Relief Act, which was raised for the first time on appeal, because returning the case to the trial court for consideration would necessarily have brought about the same result.
 
 
 9
 It is also suggested that the plaintiff has waived her right to set up the tolling provision because she brought suit while the defendant was still a member of the armed forces, thus ignoring the purpose of the Act to allow servicemen to avoid the distractions of civil litigation while they are discharging their military duties. This argument, however, overlooks the parallel purpose of the Act to protect the rights of individuals having causes of action against members of the armed forces. See, e.g. Ray v. Porter, 6th Cir., 464 F.2d 452, 455. A party on active duty in the armed forces is entitled to a stay of proceedings if his service materially affects his ability to prosecute or defend the action, 50 U.S.C.A. App. § 521, but there is no immunity from suit. The tolling statute is unconditional. The only critical factor is military service; once that circumstance is shown, the period of limitations is automatically tolled for the duration of the service, though an adverse plaintiff may file sooner if service of process may be had.
 
 
 10
 Zitomer v. Holdsworth, 449 F.2d 724 (3d Cir. 1971), cited by the defendant in the present case, is not to the contrary. That case stands for the proposition that one whose suit is dismissed for failure to prosecute may not rely upon the Soldiers' and Sailors' Civil Relief Act to continue the action indefinitely. Thus, the court held that nothing in the Act justified the plaintiffs' failure to prosecute an action that had been filed nine years prior to its dismissal.
 
 
 11
 Accordingly, we conclude that the complaint should not have been dismissed because the statute of limitations was tolled and has not yet run. Whether the addition of the ancillary resident administrator relates back to the time the complaint was filed is thus irrelevant.
 
 
 12
 Reversed and remanded.
 
 
 
 *
 Second Circuit Judge sitting by designation