865 F.2d 1262
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stanley Lorenzo WILLIAMS, Plaintiff-Appellant,
v.
Jerry TAYLOR; R.W. Goodman, The Sheriff of Richmond County,
Defendants-Appellees.
 No. 88-7633.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 29, 1988.
Decided: Dec. 20, 1988.
 
 Stanley Lorenzo Williams, appellant pro se.
 Tyrus Vance Dahl, Jr. (Womble, Carlyle, Sandridge & Rice), for appellees.
 Before K.K. HALL, JAMES DICKSON PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Stanley Williams appeals from a judgment entered as a result of a jury trial on his claims under 42 U.S.C. Sec. 1983. We find that Williams raises no issues meriting reversal and affirm the judgment below.
 
 
 2
 Williams, a pretrial detainee, claims that during a shake-down search he was slapped, shoved against a wall, and beaten with a slap stick by Officer Taylor. Williams further claims that Taylor and the sheriff were deliberately indifferent to the injuries he sustained in this incident and did not provide medical assistance for over two weeks. Williams filed this Sec. 1983 action alleging excessive force[1] and deliberate indifference to a serious medical need. He sought $35,000 in damages and dismissal of Taylor from his job. After defendants' pretrial motions to dismiss were denied, the case proceeded to trial by jury. At trial, the district court directed verdicts for the sheriff and for Taylor on the deliberate indifference claim. The court submitted the excessive force claim to the jury and the jury found for Taylor. Williams raises a number of issues on appeal, none of which have any merit.
 
 
 3
 Initially, Williams claims the district court erred in not appointing counsel to assist him before and during trial.[2] The district court's decision to appoint counsel is a discretionary one, subject to reversal only upon an abuse of discretion. Whisenant v. Yuam, 739 F.2d 160 (4th Cir.1984). We deem this to be a close question based on the conduct of this jury trial, but we find here that Williams adequately represented himself and that on the evidence presented it is not likely that counsel would have affected the proceedings. Thus, the district court acted within its discretion. Whisenant v. Yuam, supra.
 
 
 4
 Williams also contends that the district court erred in dismissing the sheriff from the case at the close of his case. We observe that Williams adduced no evidence linking the sheriff to these events in any fashion. Thus, Williams is not entitled to relief under respondeat superior, Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir.1977), nor can he meet the heavy burden of proof required to establish supervisory liability. See Slakan v. Porter, 737 F.2d 368 (4th Cir.1984), cert. denied, 470 U.S. 1035 (1985).
 
 
 5
 Williams further attacks the failure of the district court to insure the presence of all the witnesses he subpoenaed for trial. Williams cannot prevail on this claim because the complaint indicates that the testimony to be given by the missing witnesses[3] would be merely cumulative to the testimony of the four witnesses who did appear at trial and the 2 affidavits introduced on Williams' behalf. Moreover, we note that the record indicates that the district court conscientiously attempted to insure the attendance of all witnesses subpoenaed by Williams. Under these circumstances, we find no error.
 
 
 6
 Williams also contends that the district court failed to properly apply the law in regard to the claims against Taylor. We construe Williams' claim as a challenge to the failure of the court to direct a verdict against Taylor.[4] On appeal the test is whether a reasonable jury could only conclude that Williams is entitled to a verdict in his favor. See Gairola v. Commonwealth v. Virginia Department of General Services, 753 F.2d 1281, 1285 (4th Cir.1985). See also Cooper v. Dyke, 814 F.2d 941 (4th Cir.1987). We find that there was substantial evidence to support the verdict, including the testimony of the 3 officers on the scene, the officers' supervisor and medical personnel, as well as corroborative documentary evidence. Under these facts, Williams was not entitled to a directed verdict. See Justice v. Dennis, 834 F.2d 380 (4th Cir.1987) (en banc).
 
 
 7
 Finally, Williams attacks the failure of the district court to insure that defendants complied with Williams' discovery request for medical records. We reject this contention--the medical records were produced at trial by defendants and were not helpful to Williams. Moreover, Williams did not specify his complaints in this regard to the district court. In this posture, we decline to reverse the judgment against Williams. See Singleton v. Wulff, 428 U.S. 106, 120-21 (1976); Ricard v. Birch, 529 F.2d 214, 216 (4th Cir.1975).
 
 
 8
 For the foregoing reasons, we affirm the judgment in this cause. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before this Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Because Williams was a pretrial detainee, his excessive force claim is necessarily premised on the Fourteenth Amendment. See Justice v. Dennis, 834 F.2d 380 (4th Cir.1987) (en banc)
 
 
 [2]
 Williams made two requests for counsel, but the magistrate denied Williams' requests based on the type and complexity of the case and Williams' ability to represent himself
 
 
 [3]
 Williams listed 9 inmates that would support his claim, but 1 of the inmates testified and 2 others submitted affidavits (which were admitted at trial) on behalf of Williams. Thus, Williams' claim concerns the 6 inmates that did not testify
 
 
 [4]
 We note that we cannot discern whether Williams ever made a motion for a directed verdict against Taylor, but in light of the fact that Williams was not represented at trial, we choose to overlook this defect and address the merits of his claim