Rockingham
No. 92-622

RONALD A. LEVESQUE

v.

KATHLEEN M. LEVESQUE

September 30, 1993

*Duffy and Laufer*, of Manchester (*Peter J. Duffy* on the brief and orally), for the plaintiff.

*Boynton, Waldron, Doleac, Woodman & Scott, P.A.*, of Portsmouth (*Patti Blanchette* on the brief and orally), for the defendant.

BATCHELDER, J.   The plaintiff in this divorce action, Ronald A. Levesque, appeals from an order of the Superior Court (*Coffey*, J.) approving the recommendation of a Master (*Stephanie T. Nute*, Esq.) awarding part of his military pension to the defendant, Kathleen M. Levesque. He argues that the court improperly calculated the amount owed based upon the value of his pension at the time he filed his libel for divorce, rather than upon its value on the date of an earlier libel filed by the defendant but subsequently dismissed. According to the plaintiff, the dismissal of the first libel pursuant to Superior Court Rule 151 violated the mandatory tolling provision of the Soldiers' and Sailors' Civil Relief Act (SSCRA), 50 U.S.C. App. § 525. We affirm.

The plaintiff, on active duty in the Air Force until 1991, married the defendant in 1968 while in the service. On October 23, 1984, the defendant filed for divorce in Rockingham County Superior Court. The plaintiff filed a *pro se* appearance on December 3, 1984, listing his address as Portsmouth, New Hampshire. In 1985, the plaintiff was transferred to England, where he remained for six years. After the initial libel for divorce was filed and while the plaintiff was in England, the parties discussed their divorce and determined that it was in their mutual financial interests to remain married. On March 11, 1987, the defendant's libel was dismissed on the court's own motion pursuant to Superior Court Rule 151 because the file had been inactive for over two years. When the plaintiff returned from England in 1991, he filed his own libel, which is the subject of this appeal.

In determining the amount of the plaintiff's military pension benefits to be awarded to the defendant, the court used May 7, 1991, when the plaintiff filed the libel, as the operative date, awarding the defendant fifty percent of all pension benefits acquired by the plaintiff by virtue of his military service from September 21, 1968, until May 7, 1991.

The plaintiff contends that the superior court erred in not calculating the pension award from the date of the 1984 divorce libel, arguing that the tolling provision of section 525 of the SSCRA rendered ineffective the dismissal of the initial libel filed by the defendant. The defendant counters that the SSCRA does not apply in this case, and that, as the plaintiff did not make this argument below, it is not preserved for appeal.

■ ■ The record shows that no argument based on the SSCRA was made by the plaintiff in superior court. While ordinarily such a lapse would foreclose consideration of an issue on appeal, other courts have held that the mandatory language of section 525 permits a party to raise the issue of the statute's application for the first time on appeal. *See, e.g., Ricard v. Birch*, 529 F.2d 214, 216 (4th Cir. 1975). The plaintiff in superior court sought to have his pension divided with reference to the date of the initial libel, albeit not on the ground of the SSCRA tolling provision. We hold that the issue is properly before us.

■ The Soldiers' and Sailors' Civil Relief Act "suspends various civil liabilities of persons in military service." *Conroy v. Aniskoff*, 113 S. Ct. 1562, 1563–64 (1993). Section 525 of the Act provides in pertinent part:

> "The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service . . . ."

50 U.S.C. App. § 525. This provision operates to toll an otherwise applicable statute of limitations. *See* T. Folk, *Soldiers' and Sailors' Civil Relief Act: Tolling of Statutes of Limitations under [section 525] of the SSCRA*, 102 MIL. L. R. 157 (1985).

■ Superior Court Rule 151 provides: "All marital cases, which shall have been pending upon the equity docket for two years, shall be dismissed." Rather than a statute of limitations, whose purpose is to eliminate the filing of stale claims, *Keeton v. Hustler Magazine, Inc.*, 131 N.H. 6, 14, 549 A.2d 1187, 1192 (1988), Rule 151 is on its face addressed to actions already brought. It is a housekeeping rule designed to clear the docket of cases that parties have failed to prosecute.

■ The United States Supreme Court, construing other language in section 525, has held that Congress intended a literal interpretation of that section. *Conroy v. Aniskoff*, 113 S. Ct. at 1565–66. We conclude, therefore, that the statute's directive to toll the time "for the *bringing* of any action," 50 U.S.C. App. § 525 (emphasis added), means precisely what it says, "and has no applicability to an action duly filed and served . . . ." *Zitomer v. Holdsworth*, 449 F.2d 724, 726 (3d Cir. 1971). This interpretation has been adopted by other courts considering similar questions. *See Ricard v. Birch*, 529 F.2d at 217; *Zitomer v. Holdsworth*, 449 F.2d at 726; *Zarlinsky v. Laudenslager*, 402 Pa. 290, 296, 167 A.2d 317, 320 (1961). *But see Buttler v. City of Los Angeles*, 153 Cal. App. 3d 520, 200 Cal. Rptr. 372, *cert. denied*, 469 U.S. 883 (1984); *Cahill v. Northeast Airlines, Inc.*, 42 A.D.2d 564, 344 N.Y.S.2d 372 (1973).

■ The master found that "the Plaintiff had full knowledge of the [original] divorce action, that he and the Defendant discussed it from time to time through the years but that, for whatever reason but by mutual agreement, both parties decided not to pursue the action at that time." In the absence of a record of the proceedings below, this finding is presumed to be supported by the evidence. *See Dombrowski v. Dombrowski*, 131 N.H. 654, 663, 559 A.2d 828, 833 (1989). The plaintiff's subsequent filing of a libel for divorce in 1991 indicates his awareness of the dismissal of the prior action; his proceeding anew instead of moving to vacate the dismissal order indicates his acquiescence in it. We hold that the trial court's use of the 1991 filing date as the basis for calculating the defendant's share of the pension benefits did not violate 50 U.S.C. App. § 525.

*Affirmed.*

All concurred.