JOSEPH BERNICE BEAVER AND ANN F. BEAVER, PLAINTIFFS V. GRANT MICHAEL
FOUNTAIN, DEFENDANTS

No. COA10-198

(Filed 16 November 2010)

**Statutes of Limitation and Repose— military service—action
against airman—limitations tolled**

    The trial court did not err by denying defendant's motion on
the pleadings in an automobile accident case where defendant, an
Air Force reservist on active duty, had raised the statute of limi-
tations. The federal Servicemembers' Civil Relief Act provides for
the tolling of the statute of limitations by and against members of
the military.

Appeal by defendant from order entered 25 November 2009 by
Judge R. Allen Baddour, Jr. in Chatham County Superior Court. Heard
in the Court of Appeals 1 September 2010.

    *Barron & Berry, L.L.P., by Vance Barron, Jr., for plaintiff-
appellees.*

    *Stephenson, Stephenson & Gray, LLP, by James B. Stephenson,
II, for defendant-appellant.*

STEELMAN, Judge.

    Where the plain language of the federal Servicemembers' Civil
Relief Act provides for the tolling of the statute of limitations in
actions in which civilians have brought claims against members of
the armed services, the trial court did not err in denying defendant's
motion for judgment on the pleadings based upon the statute of limi-
tations and in granting plaintiffs' motion for partial summary judg-
ment as to that defense.

## I. Factual and Procedural Background

    At approximately 10:10 a.m. on 25 March 2006, Joseph and Ann
Beaver (plaintiffs) were involved in a motor vehicle accident with
Grant Fountain (defendant) near the intersection of North Elm Street
and West Market Street in Greensboro. On 26 March 2009, three years
and one day after the accident, plaintiffs filed a complaint against
defendant and alleged that they suffered personal injuries and dam-
ages as a result of the negligence of defendant in the operation of his

**BEAVER v. FOUNTAIN**

[208 N.C. App. 174 (2010)]

vehicle. On 4 June 2009, defendant filed an answer denying the material allegations of the complaint and asserting plaintiffs' claims were barred by the applicable three-year statute of limitations. On 9 July 2009, plaintiffs filed an amended complaint and included an allegation that defendant was enlisted as a reservist in the United States Air Force and had been on active duty for several months prior to the filing of the complaint. Plaintiffs asserted that under the provisions of the Servicemembers' Civil Relief Act, 50 U.S.C.A. App. § 501, *et seq.*, any statute of limitations or repose had been tolled for the duration of defendant's active military service. On 5 August 2009, defendant filed a motion for judgment on the pleadings.

On 19 October 2009, plaintiffs filed a motion for partial summary judgment on defendant's statute of limitations defense and requested the trial court deny defendant's motion for judgment on the pleadings. On 25 November 2009, the trial court granted plaintiffs' motion for partial summary judgment, denied defendant's motion for judgment on the pleadings, and certified its order for immediate appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure.

Defendant appeals.

## II. Statute of Limitations

In his only argument, defendant argues that the trial court erred in granting plaintiffs' motion for partial summary judgment and denying his motion for judgment on the pleadings because plaintiffs' claims are barred by the applicable statute of limitations. We disagree.

N.C. Gen. Stat. § 1-52(16) (2009) provides that an action for personal injury or property damage must be filed within three years of the act or omission which gave rise to the claim. It is undisputed that plaintiffs failed to file their complaint within three years. The dispositive issue is whether the statute of limitations was tolled by the Servicemembers' Civil Relief Act. Defendant argues that the Act was enacted for "the exclusive benefit of servicemen" and that the benefits of the tolling provision should not apply to claims by non-military civilians. This issue has yet to be addressed by North Carolina appellate courts.

50 U.S.C.A. App. § 526(a) (2009) provides:

(a) Tolling of statutes of limitation during military service

The period of a servicemember's military service may not be included in computing any period limited by law, regula-

tion, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States *by or against the servicemember* or the servicemember's heirs, executors, administrators, or assigns.

(Emphasis added.) We note that the federal tolling statute was previously codified as the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. App. § 525, and was effective until 19 December 2003. The relevant portion of the previous statute provided:

The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government *by or against* any person in military service or *by or against* his heirs, executors, administrators, or assigns . . . .

50 U.S.C.A. App. § 525 (2003) (emphasis added). There is no material difference in the language of 50 U.S.C.A. App. § 525 (2003) and 50 U.S.C.A. App. § 526(a) (2009) dealing with the application of the tolling provision. Therefore, federal cases interpreting 50 U.S.C.A. App. § 525 are instructive. *See McCracken & Amick, Inc. v. Perdue*, ―― N.C. App. ――, ――, 687 S.E.2d 690, 695 n.4 (2009) ("Although not binding on North Carolina's courts, the holdings and underlying rationale of lower federal courts may be considered persuasive authority in interpreting a federal statute." (citation omitted)), *disc. review denied*, 364 N.C. 241, 698 S.E.2d 400 (2010).

Federal courts have held that "[s]ection 525 has been construed to mean what it says; and Courts have consistently held that in an action against a serviceman a statute of limitations otherwise applicable has, by virtue of § 525, been tolled during the period of military service." *Zitomer v. Holdsworth*, 178 F. Supp. 504, 505 (E.D. Pa. 1959) (citations omitted).

The broad, unqualified, and mandatory language of section 525 leaves little room for judicial interpretation or oversight in its application; indeed, we have held quite plainly that "the tolling statute section 525 is unconditional. The only critical factor is military service; once that circumstance is shown, the period of limitations is automatically tolled for the duration of the service. . . ."

*In re A.H. Robins Co., Inc.*, 996 F.2d 716, 718 (4th Cir. 1993) (quotation and alterations omitted); *see also Bickford v. United States*, 656 F.2d 636, 639 (Ct. Cl. 1981) ("There is not ambiguity in the language of § 525 and no justification for the court to depart from the plain meaning of its words.").

Federal courts have uniformly held that the plain language of the statute provides for the tolling of the statute of limitations in actions "by and against" members of the military. *See In re A.H. Robins Co., Inc.*, 996 F.2d at 718 ("The statute essentially tolls periods of limitation both in favor of and against 'persons in military service' to the extent that their 'period of military service' coincides with the limitations period." (citation, alteration, and footnote omitted)); *see also Ricard v. Birch*, 529 F.2d 214, 216 (4th Cir. 1975) ("[T]he parallel purpose of the Act is to protect the rights of individuals having causes of action against members of the armed forces." (citation omitted)); *Ray v. Porter*, 464 F.2d 452, 455 (6th Cir. 1972) ("The Soldiers' and Sailors' Civil Relief Act was adopted by the Congress to protect the rights of individuals in the military service of the United States, and *also to protect the rights of individuals having causes of actions against members of the Armed Forces of the United States*." (emphasis added)); *Mouradian v. John Hancock Companies*, 751 F. Supp. 272, 275 (D. Mass. 1990) ("The plain language of [50 U.S.C.A. App. § 525] makes its operation mandatory, subtracting all days of active military duty from the calculation of any limitations period in actions brought by or against servicemen."), *aff'd*, 930 F.2d 972 (1st Cir. 1991), *cert. denied*, 503 U.S. 951, 117 L. Ed. 2d 650 (1992).

In addition to federal case law, numerous state supreme courts have ruled that based upon the plain language of section 525 of the Soldiers' and Sailors' Civil Relief Act, civilians can invoke the tolling provision in the Act. *See, e.g., Henderson v. Miller*, 477 S.W.2d 197, 198 (Tenn. 1972); *Jones v. Garrett*, 386 P.2d 194, 200 (Kan. 1963); *Warinner v. Nugent*, 240 S.W.2d 941, 945 (Mo. 1951); *Blazejowski v. Stadnicki*, 58 N.E.2d 164, 166 (Mass. 1944). Defendant cites no cases that specifically deal with the tolling provision of the Act, which hold to the contrary.

We find the above-cited federal and state cases to be persuasive and hold that defendant's argument that the benefits of the tolling provision should not be afforded to a civilian who has an action pending against a servicemember to be without merit. It is undisputed that defendant "was on active military duty at Seymour Johnson Air Force

Base in Goldsboro, NC at the time the statute of limitations ran." Although his unit of assignment was at Seymour Johnson AFB, the record indicates defendant was to report for "Officer Basic Training" to Maxwell Air Force Base in Alabama on 6 November 2008. On 25 February 2009, an order was entered stating that defendant had completed his training, had been promoted to second lieutenant, and was to report to Columbus Air Force Base in Mississippi for flight school until 23 June 2010. Pursuant to 50 U.S.C.A. App. § 526(a), the statute of limitations was tolled during this time of active military service. Therefore, the three-year statute of limitations had not expired when plaintiffs filed their complaint on 26 March 2009. The trial court did not err in denying defendant's motion for judgment on the pleadings and in granting plaintiffs' motion for partial summary judgment.

AFFIRMED.

Judges BRYANT and BEASLEY concur.